## SMITH v. ST. PAUL FIRE & MARINE INS. CO.

1. INSURANCE POLICY: WAIVER OF CONDITION IN: Upon a policy of insurance in which one of the conditions was that in case of default of payment of any note given for premium, the company should not be liable for any loss happening during the continuance of such default, held; there being a breach of such condition the company may waive the forfeiture either by express language or by acts from which an intention to waive may be inferred.

2. WAIVER: WHAT AMOUNTS TO: If in any negotiations or transactions based upon the policy and relating thereto after forfeiture, under circumstances indicating to the company or its authorized agent, that the insured makes a claim under the policy, notwithstanding such default, and no reply is made to such claim indicating the intention of the company to take advantage of the forfeiture, and the insured afterwards incurs the trouble and expense of making proofs of loss, held; the forfeiture is thereby waived.

3. SAME: ACCEPTANCE OF PREMIUM: Held further, that the acceptance of the cash premium by the general agent of an insurance company after default and notice of the loss, operates as a waiver of the forfeiture, and renders the company continuously liable on the policy as though the note given for cash premiums had been paid at maturity.

*Appeal from the District Court of Cass County.*

*Wilson & Ball,* for appellant, cited:

Civil Code, Sec. 934. *Williams v. Albany Ins. Co.,* 19 Mich., 451, 2 Am. Rep., 98; Civil Code, Secs. 1937, 941, 942. 943, 944; May on Insurance, Sec. 342; Civil Code, Sec's. 955, 956, 1544; *Danforth v. Charles et al.,* 1 Dak., 285.

*H. F. Miller,* for respondent, cited:

*Jolliffe v. The Madison Mutual Ins. Co.,* 30 Wis., 117; *Tyrie v. Fletcher,* Cowp., 668; May on Insurance, Sec. 4; *Viele v. Germania Ins. Co.,* 26 Iowa, 9; *Appleton Ins. Co. v. British A. Ass., Co.,* 46 Wis., 33. Civil Code, Sec's. 955, 956, 957;

*Wing v. Howry*, 27 Eng. L. and Eq., 140; *N. Berwick & Co. v. Ins. Co.*, 52 Me., 336; *Miner v. Phœnix Ins. Co.*, 27 Wis., 693; May on Insurance, Sec's. 361-3;   Parsons on Contracts, Vol. 3, p. 155, and 159, note 9; *Williams v. Daken*, 22 Wend., 211.

HUDSON, J.   On the 9th day of September, 1880, the defendant issued to said plaintiff its policy of insurance, covering among other things two horses.

Said policy was issued in consideration of the payment, at maturity, of a certain promissory note of $10.66-100, due Nov. 1st, 1880, and certain other installment notes to become due at future periods, all executed at the same time of the policy, and was the only consideration therefor.

One of the conditions of insurance contained in the policy was, that said company should not be liable, under the policy, for any loss or damage if any default should be made in the payment of any note or installment of any note in full, given in payment or part payment of premium, under said policy; and that the company in no event should be liable for any loss or damage happening during the continuance of such default.

The note first above referred to, contained the following provision: " This note being given as consideration for insurance, " under the above named policy, I consent that in case of default " in the payment of the same in full, when due, the policy shall be " null and void, and so remain until the note is paid; and if said " policy becomes void by reason of non-payment of this note, it shall " in no way affect the collection of this note in full.

The policy of insurance contained the further provisions, viz: " And it is further provided that on the payment by the assured, " or his assigns, of all such notes or installments of any such " notes, in full, the liability of the company, under the policy, " shall again attach, and the policy thereafter be in force."

The said first note was duly presented for payment, but was not paid at maturity. On the 8th day of November, 1880, a fire occurred and the said horses were destroyed. On the 12th day of November, 1880, the plaintiff forwarded by letter to the general agent at Fargo, D. T., the amount due on said note, and in the same letter stated to the agent that his stable and the two horses were burned on the 8th instant, and requested him to come and see to it at once, adding that if they could make a settlement he would like to insure more. The agent retained the money and endorsed upon the note "Paid in full, Nov. 12, 1880," and returned the note so endorsed to the plaintiff, and so far as appears, made no other reply to the letter.

Subsequently the plaintiff forwarded proofs of loss to the defendant as required by the terms of the policy; but it does not appear that any response was made by the defendant, until this action was brought, either to the notice of loss, or the proofs forwarded; when in its answer to the complaint it denied its liability under the policy, and alleged as a defense, the default of the plaintiff in the payment of his said first note at maturity.

The main question presented in this record, is whether the defendant was in a position to maintain such defense to this action.

It has been well settled by the adjudged cases that where there has been a breach of the conditions contained in an insurance policy, the insurance company may, or may not, take advantage of such breach and claim a forfeiture. It may, consulting its own interests, choose to waive the forfeiture, and this it may do by express language to that effect, or by acts from which an intention to waive may be inferred, or from which a waiver follows as a legal result.

It is quite true that it is not obliged to do or say anything to make the forfeiture effectual, until a claim is made under the policy; but if in any negotiations or transactions with the assured,

after knowledge of the forfeiture, it does acts based upon the policy, and the assured by virtue thereof, does some act or incurs some trouble or expense, the forfeiture as a matter of law is waived. *Titus v. Glenns Falls, Ins. Co.*, 81 N. Y., 410-419; *Penn. Ins. Co. v. Vittle*, 39 Mich., 51.

This letter of the plaintiff made it obligatory upon the agent to make some reply—this was the time for him to speak—the letter required it. But he took the money in full for the note, making no response, and the plaintiff as it may be presumed, acting upon his own construction of what had been done, made and forwarded his proofs to the company.

. It seems to us that the company, if it intended to take advantage of the forfeiture, should have said so in so many words. An insurance company cannot sleep upon its intention to avoid the policy, to the prejudice of the insured. The forfeiture may be waived by the laches of the insurance company, misleading persons interested in the policy to their prejudice. RYAN, Justice; In *Appleton Ins. Co. v. British A. Assu. Co.*, 46 Wis., 33.

In the case of *Joliff v. The Madison Ins. Co.*, 39 Wis., 111, it is held that the acceptance of the cash premium by the defendant in that case, after default and notice of the loss, operated as a waiver of the suspension clause, and rendered the defendant continuously liable on the policy the same as though the note for cash premium had been paid when due.

That this would be the legal effect unless by the agreement, in case of default, the whole cash premium should be considered earned; in that case the insured having earned the premium, would be entitled to receive it in any event.

The counsel for the appellant in this case insists that the recital in the note, "if said policy becomes null and void (suspended) by reason of non-payment of this note it shall in no way affect the collection of the note in full," is equivalent to saying that the

premium shall be considered earned. This construction might be given to it but for the further provision in the policy, that on the payment of the note in full the liability of the company under the policy shall again attach. If the premium has been earned on the default there would be nothing left to pay the premium after the liability again attached. Such cannot be the legal effect of the clause cited.

The whole cash premium had not been earned when the defendant's liability in the policy was suspended, but only a *pro-rata* portion of it; Neither did the premium run during the suspension.

On the failure of the plaintiff to pay the note when due the liability of defendant on the policy ceased, and without restoring such liability it was entitled to receive on such note what the policy had earned while in force, and it could have refused to receive any sum in excess of what the policy had so earned; but the defendant by its agent received the whole cash premium for which the note was given. By so doing it received compensation for the risk covering the time when the loss occurred, and it can not now be heard to allege that at the time of the loss it had no risk on the property insured. The acceptance of the full premium after notice of loss is entirely inconsistent with the claim that the risk was suspended when the loss occurred.

This disposes of the case and renders it unnecessary to consider any other questions raised in the argument of counsel.

The judgment of the District Court is

AFFIRMED.

All the Judges concurring.