FRED ROBISON AND LORA ROBISON v. THE OHIO FARMERS' INSURANCE COMPANY.

*Fire insurance—Title to property—Misrepresentation in application—Knowledge of agent—Estoppel.*

A nephew and his aunt were the joint owners of 50 acres of land, subject to an outstanding life-estate in his grandmother. The nephew and grandmother insured a barn standing on the land, and its contents, which belonged to the nephew, and stated in the application that they were the absolute owners of the real estate, that the deed was in their name, and that they were the absolute owners of the personal property insured. The agent who took the application and issued the policy was fully cognizant of the true state of the title, and after a full statement to him, and under his advice, the policy was accepted by the insured. And it is held:

*a*—That the insured had an insurable interest in the property.

*b*—That the company is estopped from asserting that it was misled by the statements contained in the application; citing *Crouse v. Insurance Co.*, 79 Mich. 249; *Kitchen v. Insurance Co.*, 57 Id. 135; *Insurance Co. v. Earle*, 33 Id. 143; *Beebe v. Insurance Co.*, 93 Id. 514.

Error to Washtenaw. (Kinne, J.) Argued October 11, 1892. Decided December 2, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion, and in head-note.

*T. E. Barkworth,* for appellant.

*Thompson & Harriman,* for plaintiffs.

MONTGOMERY, J. This is an action upon a policy of insurance issued to the plaintiffs.

The only defense interposed in this Court is an alleged misrepresentation in regard to the title. The application upon which the policy was written contains the following questions and answers:

"*Q.* Are you the absolute owner of the real estate? Number of acres in farm?
"*A.* Yes. One hundred and seventy acres.
"*Q.* Is the deed in your name?
"*A.* Yes.
"*Q.* Are you the absolute owner of the personal property to be insured?
"*A.* Yes. "

That the insured had an insurable interest in the property is not questioned. It is also found as a fact that the company, by its agent who issued the policy and who took the application, was fully cognizant of the true state of the title, and after a full statement to him, and under his advice, the plaintiffs accepted the policy. Under these circumstances, the company is estopped from asserting that it was misled by the statements contained in the application. *Crouse v. Insurance Co.,* 79 Mich. 249; *Kitchen v. Insurance Co.,* 57 Id. 135; *Westchester Fire Ins. Co. v. Earle,* 33 Id. 143.

It is claimed, however, that as the application contained the statement that "the applicant hereby declares and warrants that the above answers and statements are true,

and that no statement contradictory to the above was made to or by the agent of the company, and he agrees that this declaration shall be the basis and form part of the contract or policy between the insured and the company," the plaintiffs are not in a position to insist that the company is estopped.    This provision is the same as that considered in the case of *Beebe v. Insurance Co., ante,* 514, which case rules the present.

The judgment will be affirmed, with costs.

The other Justices concurred.