Filed June 21, 1894.

———————◆———————

No. 1,159.

## THE NAPPANEE FURNITURE COMPANY *v.* THE VERNON INSURANCE COMPANY.

INSURANCE.—*Apportionment of Insurance Among Various Items of Property.*—*Liability Confined to Such Items.*—Where an insurance policy provides for insurance to the amount of $1,000, and apportions the full amount on items of property insured, then in existence, and granting the assured permission "to erect a * * building to be used for warehouse and finishing rooms, * * to be insured under this policy," there is nothing in the policy creating a liability for the building to be afterwards erected, the full amount of insurance having been exhausted on the other items of insurance, and the insurance granted upon each separate item of property named in the policy constitutes a separate contract of insurance.

From the Elkhart Circuit Court.

*J. D. Osborne* and *A. S. Zook*, for appellant.

*F. M. Finch, J. A. Finch, F. E. Baker* and *C. W. Miller*, for appellee.

DAVIS, J.—This case comes before this court upon an amended complaint filed by the appellant against the appellee, and upon a motion of the appellee to strike from the amended complaint certain allegations, which motion was sustained by the court below.

The complaint in this case was upon a policy of insurance issued by the appellee to the appellant, insuring it

upon certain property. The written portion of the policy described the insurance granted as follows:

"In consideration of thirty dollars agrees to indemnify Nappanee Furniture Company to the amount of one thousand dollars.

### "Nappanee Furniture Company.

"$400 on their two story brick, slate roof building, and one story brick, metal roof, engine and boiler house attached, and brick and iron stack, situate on the east side of south Madison street, Nappanee, Indiana.

"$20 on engines and boilers, including connections and pumps.

"$233.33⅓ on their machinery, fixed and movable, including belts, pulleys, gearing, shafting, hangers, gas, water, and steam pipes, glue pots, presses, working benches, patterns, machine bits, clamps, tressels, tools, elevator and fixtures, including the cost of resetting the same.

"$33.33⅓ on blowers, dust separators, piping and connections.

"$213.33⅓ on stock of furniture finished and unfinished and in process of manufacture, including hardware and other materials used in the manufacture of the same; all while contained in said above described buildings.

"$53.33⅓ on their one story frame, metal roof dry kiln attached.

"$46.66⅔ on their dry kiln apparatus, including lumber therein.

"$14,000 additional concurrent insurance allowed.

"Permission granted assured to erect a brick veneered building to be used for warehouse and finishing room, to be located fifteen feet from factory, and to be insured under this policy."

On motion of appellee, the following parts of the com-

The Nappanee Furniture Company *v.* The Vernon Insurance Co.

plaint were stricken out: "That at and before the issuing of said policy, the plaintiff contemplated building an addition to its manufacturing plant referred to in the policy, by erecting near thereto a brick veneered building to be used as a warehouse and finishing room, of which intention and contemplated building the said agent was informed before the policy was issued, and thereupon the defendant inserted in its said policy a building permit for the erection of said building, and for the insurance thereof during its construction against loss or damage by fire, and thereby did agree to insure the said building during the process of its construction to the amount of not to exceed one thousand dollars, against loss or damage by fire, in and by the following stipulation contained in said policy, viz: 'Permission granted assured to erect a brick veneered building, to be used for warehouse and finishing room, to be located fifteen feet from the factory, and to be insured under this policy,' and thereafter the plaintiff did proceed to erect and construct the said brick veneered building, and during the process of its erection, and before its completion on the 11th day of July, 1892, while said policy was in full force and effect, the said building was totally destroyed by fire, without the fault or negligence of the plaintiff, and was then of the value of two thousand dollars, and the loss and damage occasioned thereto by said fire was two thousand dollars."

Also: "Before said fire, the building was so far completed as that it was, and had been for some time, occupied and used as such warehouse and finishing room, and the plaintiff relying upon the fact that it was so insured did not procure other and further insurance thereon."

The ruling on the motion to strike out is the basis of the only error asssigned in this court.

It is insisted by appellant, that every possible intendment must be held in its favor; that if any state of facts can be supposed, which, under the foregoing averments, would show any liability on the part of appellee, then the action of the court was reversible error. See *McNally* v. *Phcnix Ins. Co.*, 33 N. E. Rep. (N. Y.) 475.

It is also insisted in behalf of appellant, that the most that can be said about the stipulation in the policy in relation to the veneered building, is that it is ambiguous as to the time when the risk thereon is to begin; that if the stipulation is ambiguous the ambiguity must be construed in favor of appellant; and that giving it this construction the veneered building must be held to have been insured by the terms of the policy at the time of the fire.    Richard Insurance, section 45; *Western, etc.*, v. *Home Ins. Co.*, 145 Pa. St. 346; Wood Insurance, 145; May Insurance, 182, 420; *DeGraff* v. *Queen Ins. Co.*, 38 Minn. 501; *Phenix Ins. Co.* v. *Lorenz*, 7 Ind. App. 266; *Northwestern, etc.*, *Life Ins. Co.* v. *Hazelett* 105 Ind. 212.

We are not able to agree with counsel that the principles above enunciated are applicable to the case in hand.

It seems clear to us that the brick veneered building was not insured by the policy; that the total amount of insurance under the policy is $1,000; that this entire amount is exhausted by the insurance upon the other properties specifically mentioned in the policy.

It is well settled by the decisions of our Supreme Court, that a contract, such as the one in suit, is a separable contract; that is, that the insurance granted upon each separate item of property named in the policy con-

stitutes a separate contract of insurance. *Havens* v. *Home Ins. Co.*, 111 Ind. 90 (95), *Phenix Ins. Co.* v. *Pickel*, 119 Ind. 155; *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570. See, also, *Merrill* v. *Agricultural Ins. Co.*, 73 N. Y. 452; *American, etc., Co.* v. *Glens Falls Ins. Co.*, 20 N. Y. Supp. 646; *Phenix Ins. Co.* v. *Grimes*, 50 N. W. Rep. 168; *Connecticut Fire Ins. Co.* v. *Tilley*, 14 S. E. Rep. 851.

When the policy was issued the brick veneered building had not been erected. Having exhausted the $1,000 of insurance granted by the policy upon the other items then in existence covered by the insurance, there was nothing left for the brick veneered building which was afterwards commenced. It is not alleged that there was any mistake in the policy, or that any part of the $1,000 insurance apportioned in different amounts on the other articles of property were intended as the insurance on the brick veneered building. If the $1,000 insurance had been placed generally on the property described in the policy, and a provision had been inserted therein granting permission to erect a brick veneered building, "and to be insured under the policy," a different question would be presented, and in such a case the contention of appellant might prevail. As we view the case, and for the reasons stated, the court below did not err in sustaining the motion to strike out.

Judgment affirmed.

Filed June 22, 1894.