Gavin, J.
The appellee recovered judgment against, appellant upon a fire insurance policy. The premium was $15, payable $3 in cash and $3 annually in advance, a note for the deferred payments being given. The policy provides that the company shall not be liable’for any loss occurring while any part of the premium is overdue and unpaid. The note contains a provision of the same import.
*331 It is well settled that provisions of this kind are valid and enforceable, and that under them the failure to pay the premium when due is a sufficient defense to an action upon the policy to recover for a loss happening during the time when such premium is thus overdue and unpaid. American Ins. Co. v. Henley, 60 Ind. 515; American Ins. Co. v. Leonard, 80 Ind. 272; Continental Ins. Co. v. Dorman, 125 Ind. 189.
The establishment of this rule does not, however, by any means foreclose the company from waiving the right which is thus given it, nor is there anything in the decisions of the various cases which we have cited which forbids such waiver.
Although the company has a right to rely upon such default by the insured as a defense, if it, with knowledge of a loss, accepts the premium, it thereby waives the forfeiture and restores the policy to its full force and effect. Such acceptance does not simply revive the policy as to the future, but it thereby restores to it its power and force from the beginning.
Whatever may be the holdings in some jurisdictions, the question can not be regarded as an open one in Indiana.
It has received quite a full and thorough investigation at the hands of our Supreme Court, and in an opinion by Elliott, J., it was adjudged that in such cases the insurance company could not take the benefit without assuming the burden, but must, if it accepts the premium, respond for the loss. Phenix Ins. Co. v. Tomlinson, 125 Ind. 84.
The principle of waiver asserted in this case has been approved by the same court in Michigan, etc., Ins. Co. v. Custer, 128 Ind. 25, and Replogle v. American Ins. Co., 132 Ind. 360.
To the same effect are Joliffe v. Madison, etc., Ins. Co., *332 39 Wis. 111; Smith v. St. Paul, etc., Ins. Co., 3 Dak. 80; Cohen v. Continental Fire Ins. Co., 67 Tex. 325.
In the application, in answer to a question, it was stated that the insured held title by a warranty deed. An answer and the evidence show that this was not strictly true, but that she held title by inheritance from her husband, who had a warranty deed and died intestate, seized of the property, leaving as his heirs his widow and several of their children. It is claimed that this statement of her title was a warranty, the breach of which avoids the policy. A careful examination of the terms of both application and policy leaves it at the most extremely doubtful whether there is any warranty of this fact at all. Indiana, etc., Ins. Co. v. Rundell, Admr., 7 Ind. App. 426; Union Cent. Life Ins. Co. v. Pauly, 8 Ind. App. 85.
Passing this question, however, if the statement be regarded as a warranty, the reply and the evidence show that the facts concerning the title were well known to the agent who took the application, and that true answers were made to the questions by the appellee, who could not write, but that the agent who wrote the application, probably through some misconception as to the force and purport of the question, wrote an incorrect answer of which appellee had no actual knowledge. Under such circumstances the company must bear the results of the fault of its own agent. Howe v. Provident, etc., Soc., 7 Ind. App. 586; Phenix Ins. Co., etc., v. Lorenz 7 Ind. App. 266; Michigan Mut. Life Ins. Co. v. Leon, 138 Ind. 636; Bowlus v. Phenix Ins. Co., 133 Ind. 106; Rogers v. Phenix Ins. Co., 121 Ind. 570; Steele v. German, Ins. Co., 93 Mich. 81; Robison v. Ohio, etc., Ins. Co., 93 Mich. 533; Wich v. Equitable, etc., Ins. Co. (Col.), 31 Pac. Rep. 389; McMurray v. Capital Ins. Co. (Iowa), 54 N. W. Rep. 354.
*333 We find nothing in Robinson v. Glass, 94 Ind. 211, which controverts this proposition.
No “proofs” of loss were made, as required by the terms of the policy, but the complaint alleges a waiver by the denial of liability through appellant’s general agent when notified of the loss. Such a waiver obviates the necessity of furnishing proofs. Commercial, etc., Assur. Co. v. State, ex rel., 113 Ind. 331; North British, etc., Ins. Co. v. Crutchfield, 108 Ind. 518; May Ins., section 469.
Counsel deny the sufficiency of the proof upon this question. Without stopping to determine the extent of the authority of the local agent, we think it clear according to his own evidence that his denial of liability was authorized by those in charge of the general offices to whom he communicated the fact of the loss. By his denial, he only repeated the statement made to him in the letter written him from the general office.
The company has consistently and continually persisted in its denial of the validity of the policy at the time of the loss, from that time to the present, and thereby waived the proofs.
This court can not weigh the evidence to decide where lies the preponderance, but is only called upon to determine whether or not there is some evidence, either direct or inferential, fairly sustaining every fact essential to the maintenance of the finding or verdict. Haines v. Porch, 9 Ind. App. 413; McDaneld v. McDaneld, 136 Ind. 603.
Under this rule, we can not say the finding is unsupported by the evidence.
The policy provides for $450 insurance on the house, and $150 on the contents. Thus there was not a general -or blanket policy of $600 on both house and contents, but separable contracts for insurance to the amount of $450 *334 on the house, and $150 on the personalty. Nappanee Furniture Co. v. Vernon Ins. Co., 10 Ind. App. 319.
Filed Oct. 19, 1894.
There is also in the policy a provision that the company shall nob be liable for an amount beyond the value of the interest of the assured in the property insured.
It is - conceded by counsel for the appellee that she owned • but a one-third interest in the realty, and that consequently she was entitled to recover on account of the building, the value of which was $400, only the one-third thereof or $133.33.
The amount of the recovery was $433.34. Counsel seek to justify this amount upon the theory that appellee is entitled to the full value of the personal property destroyed, which was shown to be $300.
This position, however, can not be maintained, because she could not in any event recover on account of the loss of the personalty more than the amount of insurance distributed to it in the policy.
There was no error in permitting a witness to testify to the contents of a letter written to him by appellant, the proper preliminary proof as to loss having been made. The letter was not in appellant’s possession.
There was, therefore, no necessity for serving a notice upon appellant to produce it under section 486, R. S. 1894, section 478, R. S. 1881.
Since the amount of the finding can not be approved, the judgment is affirmed, at the costs of appellee, upon condition that she remits $150 of the judgment, as of the date thereof, within fifty days. Otherwise it will be reversed.