St. Paul Fire & Marine Ins. Co. v. Cooper.

No. 235.    Opinion filed November 9, 1909.

(105 Pac. 198.)

INSURANCE—Conditions of Fire Policy—Waiver of Breach.  One of the conditions of a fire insurance policy was that, in case of de-.fault in the payment of any note given for premiums, the company should not be liable for any loss occurring to the property mentioned therein during the continuance of such default.  **Held**, there being a breach of such condition, the company may waive the forfeiture by acts from which an intention so to do may be fairly inferred.  **Held**, further, that the acceptance of the cash premium by the general agents of the company after default and notice of loss operates as a waiver of the forfeiture, and renders the company liable on the policy from its inception as though the premium notes had been paid when due.

(Syllabus by the Court.)

*Error from District Court, Kay County; W. M. Bowles, Judge.*

Action by Rosanna Cooper against the St. Paul Fire & Marine Insurance Company.  Judgment for plaintiff, and defendant brings error.    Affirmed.

*J. D. Houston* and *C. H. Brooks,* for plaintiff in error.—Citing: *Williams v. Albany Ins. Co.,* 19 Mich. 451; *Equitable Ins. Co. v. Harvey* (Tenn.) 40 S. W. 1092; *Houston v. Insurance Co.* (Neb.) 89 N. W. 635; *Insurance Co. v. Coleman* (Dak.) 43 N. W. 693; *Insurance Co. v. Garbacz* (Neb.) 67 N. W. 864; *Insurance Co. v. Bachelder,* 49 N. W. 217; *Curtain v. Insurance Co.* (Cal.) 21 Pac. 370; *McElroy v. Insurance Co.,* 65 N. Y. 888; 16 A. & E. Enc. L. 861.

*Thomason & Meyer* and *C. L. Pinkham,* for defendant in error.—Citing:  *Smith v. Insurance Co.* (Dak.) 23 N. W. 355;

*Schoenman v. Insurance Co.* (Neb.) 20 N. W. 284; *Insurance Co. v. Lansing* (Neb.) 20 N. W. 22; *Joliff v. Insurance Co.,* 39 Wis. 111; *Garlock v. Insurance Co.* 138 Ill. 215; 19 Cyc. 800; *Insurance Co. v. Shader,* 93 N. W. 972; *Insurance Co. v. Raddin,* 120 U. S. 506; *Insurance Co. v. Chew* (Ind. App.) 38 N. E. 417; *Insurance Co. v. Liggett,* 16 Ind. App. 598; *Insurance Co. v. Bowen,* 40 Mich. 149; *Insurance Co. v. Moreland* (Ky.) 56 S. W. 653; *Insurance Co. v. Reppond* (Tex.) 81 S. W. 1012.

. Turner, J. On February 11, 1907, Rosanna Cooper, defendant in error, plaintiff below, sued the St. Paul Fire & Marine Insurance Company in the district court of Kay county on a policy issued by it on February 12, 1906, insuring plaintiff, against loss by fire for five years, a dwelling house and furniture and a stone barn and some grain on certain premises situate in said county. There was a trial to the court on an agreed statement of facts and judgment for plaintiff for total loss of said barn and grain in the sum of $1,000, with interest and costs. To review said judgment defendant brings the case here.

Of even date therewith, and as payment for the premium on said policy and a cyclone policy covering the same property, plaintiff executed and delivered to Van Arsdale & Osborne, general agents for defendant, her three promissory notes of $31.50 each, the first due January 1, 1906, the second October 1, 1906, and the third January 1, 1907. One of the conditions contained in said policy was that:

"* * * This company shall not be liable for any loss or damage that may occur to any of the property therein mentioned while any note or obligation given to the company or its general agents, for the premium or any part thereof, remains due and unpaid."

This will be hereinafter called the "suspending clause," and is in effect repeated in said notes, which, among other things, provide:

"I consent that in case of default of payment of this note, in full when due, the policy shall be null and void and so remain until the note is paid; that if said policy becomes null and void by reason of nonpayment of this note, it shall in no wise affect the collection

of the unpaid premium in full. In case of default in payment of any part of the premium hereon the entire premium shall immediately become due and payable."

The loss sued for occurred December 17, 1906, at which time two of said notes were due and unpaid. This is set up in defense of plaintiff's action, and said suspending clause invoked to escape liability. Said clause was a condition which the insurer had a right to make, and is valid and enforceable, and when, as here, it is made a part of the contract of insurance, the failure to pay said premium notes when due is a good defense to a suit on the policy to recover loss occurring during the time such premium notes thus remain due and unpaid. *Continental Ins., etc., Co. v. Chew,* 11 Ind. App. 330, 38 N. E. 417, 54 Am. St. Rep. 506, and cases cited. But this condition inserted in the contract for the benefit of the insurer may be waived, and that too by acts from which such intention may be fairly inferred. Has defendant so waived it? We think it has. As evidence thereof, the agreed facts disclose: That within a week after said loss the insurer notified plaintiff of its claim of nonliability therefor and refused to pay the same on the ground that said notes were due and unpaid at the time it occurred; that thereupon on January 12, 1907, plaintiff paid the said general agents at their office in Wichita, Kan., $102.35, the full amount of said notes, which, with full knowledge of said loss, was by said agents received and accepted and since retained, and said notes by them canceled and returned to plaintiff; that thereafter plaintiff furnished defendant proof of loss under oath at an expense to her of $5, which it has since retained without response save the answer in this suit. The trial court held, in effect, that acceptance of the cash premium by the general agents of the insurer, after default in payment of the premium notes and notice of the loss, operated as a waiver of said suspension clause and the forfeiture sought to be taken advantage of under it, and rendered the company liable on the policy from its inception. In so holding we see no error.

*Smith v. St. Paul Fire & Marine Ins. Co.,* 3 Dak. 80, 13 N. W. 355, was a suit on an insurance policy issued by defendant to

plaintiff covering, among other things, two horses. The considera-
tion was the payment at maturity of certain promissory notes of
even date payable at future periods. One of the conditions con-
tained in said policy and premium notes was identical to the sus-
pending clause above set forth. The loss occurred under said
policy a few days after the first of said installment notes fell
due and while it remained unpaid. Plaintiff after the
loss, forwarded by letter to the general agents of defendant
at Fargo the amount due on said note and notified him of the
loss. The agent retained the money, canceled the note, returned
it to plaintiff, and made no further reply. Thereafter plaintiff
furnished proof of loss, as required by the policy, to which no re-
sponse was made until after the action was brought, when in its
answer defendant denied liability under the policy and alleged as
defense plaintiff's default in the payment of said first note at ma-
turity. Speaking of this condition in the policy invoked by de-
fendant, the court, in the syllabus, said:

"That the acceptance of the cash premium by the general agent
of the insurance company after default and notice of the loss oper-
ates as a waiver of the forfeiture, and renders the company contin-
uously liable on this policy, as though the notes given for cash pre-
mium had been paid at maturity."

As to this suspending clause and such default under it, the
court, in *Continental Ins. Co. v. Chew, supra,* said:

"Although the company has a right to rely upon such default
by the insured as a defense, if it, with knowledge of a loss, accepts
the premium, it thereby waives the forfeiture, and restores the
policy to its full force and effect. Such acceptance does not simply
revive the policy as to the future, but it thereby restores to its
power force from the beginning. Whatever may be the holdings in
some jurisdictions, the question cannot be regarded as an open one
in Indiana. It had received quite a full and thorough investiga-
tion at the hands of our Supreme Court, and in an opinion by
Elliot, J., it was adjudged that in such cases the insurance com-
pany could not take the benefit without assuming the burden, but
must, if it accept the premium, respond for the loss. *Insurance
Co. v. Tomlinson,* 125 Ind. 84, 25 N. E. 126, 9 L. R. A. 317, 21
Am. St. Rep. 203. The principle of waiver asserted in this case

has been approved by the same court in *Insurance Co. v. Custer,* 128 Ind. 25, 27 N. E. 124, and *Replogle v. Insurance Co.,* 132 Ind. 360, 31 N. E. 947. To the same effect are *Joliffe v. Insurance Co.,* 39 Wis. 111, 20 Am. Rep. 35; *Smith v. Insurance Co.,* 3 Dak. 80, 13 N. W. 355; *Cohen v. Insurance Co.,* 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24."

*Joliffe v. Madison, etc., Ins. Co.,* 39 Wis. 111, 20 Am. Rep. 35, was a suit on an insurance policy, which, among other things, provided:

"Whenever a promissory note shall be taken for the cash premium, the policy in all cases shall be issued upon the express condition that, if said note is not paid within 60 days after the same shall become due, thereafter all obligations of the company to the insured shall be suspended until such time as the said note shall be fully paid."

The loss occurred while a portion of the cash premium for which the note was given remained unpaid and more than 60 days after said note became due, and therefore while the liability of the defendant on the policy was suspended by virtue of said clause. The court in passing, among other things, held the clause to be a valid one and enforceable; that no recovery could be had on said policy unless it was waived, and that the precise question was whether a receipt of the balance due on the notes after notice of the loss was a waiver of the condition of the contract by which the liability of the defendant on the policy was suspended when the loss occurred, and, in effect, said that the acceptance thereof by defendant after default and notice of loss operated as a waiver of such clause and rendered it continuously liable on the policy the same as though the note had been paid when due; that such would be the legal effect, unless by the agreement in case of default the whole cash premium should be considered earned, in which case the insured, having earned the premium, would be entitled to receive it in any event.

While it is conceded by counsel for defendant that this policy was only suspended by reason of the nonpayment of said notes, it is insisted that the recital therein "that, if said policy shall become

null and void by reason of nonpayment of this note, it shall in no wise affect the collection of the unpaid premium in full. In case of default in payment of any part of the premium herein, the entire premium shall immediately become due and payable," was, in effect, to say that said premium shall be considered earned, and that, being true, as defendant was entitled to receive it in any event, its acceptance after maturity of the notes was entirely consistent with its rights under the policy and no ground upon which to base a waiver. In this we might concur but for the further provision of the policy that:

"If any payment on the note or notes given in payment for premium hereon be not paid when due, the policy shall be void until the same is made, when it is to again attach."

This precise contention was urged in *Smith v. St. Paul Fire & Marine Ins. Co., supra.* In construing these clauses together, the court said:

"If the premium had been earned, on the default there would be nothing left to pay the premium after the liability again attached. Such cannot be the legal effect of the clause cited. The whole cash premium had not been earned when the defendant's liability in the policy was suspended, but only a *pro rata* portion of it; neither did the premium run during the suspension. On the failure of the plaintiff to pay the note when due, the liability of defendant on the policy ceased; and, without restoring such liability, it was entitled to receive on such note what the policy had earned while in force, and it could have refused to receive any sum in excess of what the policy had so earned; but the defendant by its agent received the whole cash premium for which the note was given. By so doing it received compensation for the risk covering the time when the loss occurred, and it cannot now be heard to allege that at the time of the loss it had no risk on the property insured. The acceptance of the full premium after the notice of loss is entirely inconsistent with the claim that risk was suspended when the loss occurred."

We are therefore of opinion that the acceptance of the premium by the general agents of defendant after default and notice of loss operated as a waiver of said suspending clause and the forfeiture sought to be taken advantage of under it, and rendered

defendant liable on the policy from its inception as though the premium notes had been paid when due, and for that reason the judgment of the lower court is affirmed.

All the Justices concur.