### INSURANCE CO. OF NORTH AMERICA v. RENFRO.

No. 15411—Opinion Filed March 16, 1926.

Rehearing Denied July 13, 1926.

(Syllabus.)

1. **Insurance—Fire Policy on Farm Property—Nonliability During Default in Payment of Premium Note.**

Where a fire insurance contract covering farm property, issued as provided by section 6768, Comp. Stats. 1921, provides that the insurance company shall not be liable for losses occurring while the payment of the insurance premium note is in default, such provision is reasonable and must be enforced according to its terms.

2. **Same.**

Where a fire insurance contract covering farm property, issued as provided by section 6768, Comp. Stats. 1921, provides that the insurance shall be suspended while payment of the promissory note given for the insurance premium is in default, but that payment of such past-due preimum note shall revive the policy for the remainder of the original period of insurance, a fire loss occurring during the time the payment of the promissory note was in default does not constitute a liability against the insurance company.

3. **Same—Short Form Policy Authorized by Statute.**

Section 6768, Comp. Stats. 1921, authorizes the issuance of a "short or different form of policy" for farm or dwelling house property to the standard form of policy prescribed by section 6767, Comp. Stats. 1921, and upon the approval thereof by the Insurance Commissioner, the terms of such policy will govern instead of the terms prescribed by statute for the standard form of policy.

4. **Same—Effect of Paying Defaulted Premium Note After Fire Loss.**

Payment of a defaulted premium note after the maker of the note suffered a fire loss occurring after the note became delinquent does not render an insurance company liable for the loss, where the insurance contract provides that such payment merely revives the insurance, such revivor to begin from the time of payment, unless such payment is made and accepted under such circumstances as it can be said that the conditions of the contract were waived by the insurance company.

5. **Contracts—"Waiver" of Contract Rights.**

Waiver of a contract right is a voluntary and intentional renunciation of it, and some positive act or some positive inaction inconsistent with the contract right is necessary to create the waiver.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by J. W. Renfro against the Insurance Company of North America. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Geo. B. Rittenhouse, F. A. Rittenhouse, and Frank E. Lee, for plaintiff in error.

P. K. Morrill, for defendant in error.

PHELPS, J. This case comes here on appeal from the district court of Jackson county. The facts out of which it grew are substantially as follows:

The plaintiff in error issued its fire insurance policy covering certain farm property owned by defendant in error, which policy was to remain in force for a period of four years, to pay the premiums on which defendant in error executed his promissory notes due May 1, 1921, May 1, 1922, May 1, 1923, and May 1, 1924, said notes containing a provision that if not paid when due the policy should lapse until payment was made and the company should not be liable for loss during such default. The first two notes were paid when due. The insurance policy contained the following clause:

"But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned, while any installment note given for premium upon this policy remains past due and unpaid, or while any single payment promissory note, acknowledged as cash or otherwise given for the whole or any portion of the premium, remains past due or unpaid. * * * Payments of notes must be made to the Insurance Company of North America at its Western Department office in Chicago, Ill., or to person or persons specifically authorized to collect the same for said company. And it is ex-

pressly agreed that the failure of the insured to receive the notices that may be sent by the company of the approaching maturity of the premium note or notes shall not operate to render the company liable for any loss or damage while such note or notes remain overdue or unpaid, and a receipt from the said Chicago office of the company for the payment of any past due note or notes must be received by the insured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy."

When the third note fell due on May 1, 1923, the same was not paid, and plaintiff in error wrote defendant in error the following letter:

"Chicago, Ill., May 4, 1923. Mr. J. W. Renfro. R. No. 2, Atlus, Okla. We have previously sent you notice of the maturity of your note given for insurance in this company under policy No. F. I. 1830 but have received no reply. Possibly our notice has miscarried, or has not come to your personal attention, and we therefore again remind you. Do not overlook the fact that insurance under the policy is now in suspense, and that you have no protection under it while the premium past due remains unpaid; therefore it is to your advantage that remittance come forward without further delay. The amount of the payment necessary to reinstate the insurance is $74.98. Please remit promptly to this office by money order, bank draft or personal check drawn payable to the Insurance Company of North America, as per the addressed envelope which is enclosed for your convenience. In replying please quote the number of your policy, or return this notice. C. R. Little, General Manager."

In the early morning of May 8th the insured property was destroyed by fire, after which and on the same day the fire occurred defendant in error sent to plaintiff in error his certified check covering the amount of the note due on May 1st, which check read as follows:

"Altus, Okla. May 8th, 1923. The Altus National Bank_____86-95 Pay to Insurance Co. of North America, Philadelphia, or bearer, _____ $74.98, seventy four & 89-100 dollars. J. W. Renfro.

"Payment of premium on Policy No. 1830 for years May 1st, 1923 to 5-1, 1924. Have had partial loss and will report same in fifteen days. Good when properly indorsed for $74.98. H. B. Bellenger, Cashier. (Stamped) Paid 5-19-23."

This check was received in the collection department of plaintiff in error at its office in Chicago on May 15th, and on the same day was deposited and in due course of business was returned to and paid by the bank on which it was drawn, on May 19th. Claim for loss was then forwarded to plaintiff in error, who acknowledged the same by writing him the following letter:

"June 29, 1923. Mr. J. W. Renfro, Route No. 2, Altus, Okla. Dear Sir:—You have presented claim for loss from fire occurring on May 8th, 1923, under your policy FI 1830 of our Altus, Oklahoma agency. For the premium of this policy you signed a note payable in certain installments, one of which was due on May 1st, 1923. You did not pay this note when due, but sent in payment for it after the fire occurred on May 8th, but without accompanying your remittance with any information of the fire, so that when we acknowledged your remittance it was without knowledge that your property had suffered any loss during the time when your note was delinquent. Both the note and policy provide that should any of the installments not be paid at maturity the company shall not be liable for loss during such default. As the loss occurred during the time when your policy was suspended, due to your failure to pay the installment when due, there is no liability on the part of the company for the damage sustained. We are therefore returning you herewith the amount of the installment which you paid after the fire, $74.98, also $.52 interest on this money from the time received until now. If you will return us the policy itself we will thereupon send back to you the note covering the premium. Very truly yours, Insurance Company of North America, By S. L. Nelson, Supt. Loss Dept. Encl."

This letter was sent to the insured by registered mail and enclosed therein was currency covering the amount of the premium, which was accepted and retained by the insured. The insured then brought suit against the insurance company for his loss under the policy. The cause was tried to a jury, resulting in a verdict in his favor, to reverse which the insurance company prosecutes this appeal.

It will be seen that, according to the terms of the policy, it had, without question, lapsed at the time the fire occurred and was not in force and effect, and the plaintiff in the trial court was not entitled to recover unless the acts and conduct on the part of the insurance company are sufficient to establish a waiver of the conditions of forfeiture contained in the contract of insurance. In fact the insured does not seriously contend that the policy had not lapsed at the time of the fire, although in his petition he alleges that his promissory note was given in payment of the premium and apparently assumes that the policy was in full force and effect and does not plead or indicate a waiver on the part of the insurance company. However, in the answer of the insurance

company it pleads the facts upon which it claims the policy had lapsed, and then in paragraph 6 of its answer alleges:

"That it has not waived any of the afore-mentioned conditions of said promissory note or policy of insurance, or consented to or waived the breach thereof or failure of plaintiff to comply therewith."

To which answer the insured replied by general denial, which pleadings the insured claims are sufficient to put the question of waiver in issue, while the insurance company contends that, not having specifically pleaded the waiver relied upon, that question was improperly submitted to the jury. The ultimate disposition of the case, however, must necessarily depend upon whether the facts shown by the record constitute a waiver on the part of the insurance company of the terms of the policy and the provisions of the note as to the effect of the failure of the insured to pay the note when it was due, and in view of our conclusions on that subject, it is unnecessary for us to dispose of the question raised as to the effect of the pleadings filed.

According to the terms of the insurance policy and the provisions of the note given in payment of the premium thereon, which are, in our judgment, entirely reasonable, the policy lapsed on May 1st, the day the note was due and not paid, and according to such provisions it was not placed in force and effect again until the 15th day of May, the date the insurance company received the check in payment of the note at its office in Chicago. The loss caused by the fire having occurred on the 8th day of May, the insured cannot recover, unless it can be said that the notation of the loss made on the certified check sent the company was notice to the company that a loss had occurred and that it received the premium after having such notice and thereby waived the terms and conditions of the policy and the note.

Defendant in error contends that the term of the policy, providing that the policy ceases to be in force if the notes given in payment of the premium thereon are not paid when due, is void as violative of the statute which prescribes a standard form of policy, and in support of that contention cites Fidelity Co. v. School Dist., 70 Okla. 300, 174 Pac. 513, and Palatine Insurance Co. v. Commerce Trust Co., 73 Okla. 236, 175 Pac. 930. This contention, in our judgment, is without merit as applied to the case at bar, and the authorities cited do not support such contention when applied to the facts in this case, as section 6768, Comp. Stats. 1921, authorizes the issuance of the policy in question.

In support of his contention that the insurance company waived the conditions of forfeiture, defendant in error cites Springfield Fire & Marine Insurance Co. v. Cockrell, 67 Okla. 116, 169 Pac. 1060, holding that:

"Any act of an insurance company recognizing as an existing contract with it the policy sued upon, after knowledge that the cause of forfeiture has occurred, is a waiver of such cause of forfeiture."

As supporting this contention he also cites St. Paul Insurance Co. v. Cooper, 25 Okla. 38, 105 Pac. 198, wherein this court held in a case similar to this that the company may waive the forfeiture by acts from which an intention to do so may be fairly inferred, and that the acceptance of the cash premium by the general agent of the company after default and notice of loss operates as a waiver of the forfeiture and renders the company liable on the policy from its inception as though the premium notes had been paid when due. And for the same purpose, Shawnee Mutual Fire Insurance Co. v. Cannedy, 36 Okla. 733, 129 Pac. 865, is cited. These cases being cited in support of the contention that the payment of the premium revives the policy from its inception the same as though the premium notes had been paid when due. An examination of these authorities discloses a state of facts so unlike the facts in the case at bar that we cannot consider them authority here. If the insured had notified the insurance company of the fire in a straightforward matter-of-fact manner and accompanied such notice with a remittance in payment of the past due note, and the company, notwithstanding the notice of loss, had accepted the payment, there would have been at least a semblance of justice in the contention of defendant in error, but it appears from the record that when defendant in error went to the bank to have prepared and certified the check sent to the insurance company he carried a piece of paper, on which was written the notation of the loss, which he instructed the banker to write on the bottom of the check, and when the check was forwarded to the company's office in Chicago it went to the collection department and apparently the notation on the check regarding the loss was not noticed and the company had no information regarding the loss until after the check had been cashed and the proof of loss and claim was later filed, and then the proceeds of the check were returned to the insured with a letter from the company denying liability.

Eikelberger v. Insurance Co. (Kan.) 189 Pac. 139, was a case very similar to this

one. There the premium was paid to the local agent after the fire occurred and the local agent notified of the loss. The local agent remitted the premium, but said nothing about the loss, and the court held that at most the only effect of the payment of the delinquent note was to revive the policy for the remainder of the term, such revivor beginning with the date of payment, and the notice to the local agent and the payment of the premium would not constitute a waiver of the conditions of the policy, saying:

"'A waiver of a contract right is a voluntary and intentional renunciation of it, and some positive act or some positive inaction inconsistent with the contract right is necessary to create the waiver. Long v. Clark. 90 Kan. 535, 135 Pac. 673; 40 Cyc., 253-263: 8 Words and Phrases, 7375-7381'; Street Lighting Co. v. City of Wichita, 101 Kan. 452, 460, 168 Pac. 1090, 1094."

We see no good reason why the insured, instead of making the notation of loss on the check without indicating when the loss occurred, could not have made his report and claim for loss in the usual and customary manner and as provided by the policy, and if the company saw fit, after being in possession of all the facts, to accept the proceeds of the check and waive the provisions of the policy, it would be at liberty to do so.

A painstaking search of the record fails to disclose the elements essential to such waiver, and the trial court should have sustained the motion to direct a verdict for the insurance company. The judgment is therefore reversed, and the cause remanded, with instructions to render judgment for the defendant.

All the Justices concur.

Note.—See under (1) 26 C. J. p. 268 §337; 14 R. C. L. p. 977; 3 R. C. L. Supp. p. 324; 5 R. C. L. Supp. p. 790: (2) 26 C. J. p. 269 §338. (3) 26 C. J. p. 57 §49 (Anno). (4) 26 C. J. p. 328 §410 (Anno); 14 R. C. L. p. 1192: 3 R. C. L. Supp. 353; 4 R. C. L. Supp. p 945. (5) 13 C. J. p. 671 §765: 40 Cyc. pp. 253, 265.