## BAILEY v. NIAGARA FIRE INS. CO.

No. 17332—Opinion Filed Nov. 16. 1926

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Fire Insurance—Waiver of Clause in Policy Exempting Insurer from Liability When Premium Note Overdue.**

Where a suit is brought on a policy of fire insurance alleged to cover certain property admittedly destroyed by fire and which provides that the insurance company shall not be liable for loss occasioned by fire which may occur while any note made for the premium on the policy is past due and unpaid, and where to defeat this defense the plaintiff asserts that the insurance company had waived this provision, the question of whether it had waived the provision is a question of fact, which being determined adversely to the plaintiff by the jury under evidence reasonably supporting its findings, the judgment rendered on such verdict will not be disturbed by this court.

2. **Insurance—Fire Loss—Items Covered by Policy as Question for Jury.**

Where there is an issue of fact raised by the pleadings, and evidence before the jury pro and con in relation thereto, as to whether the property destroyed by fire is within the meaning of the items insured against loss by fire, it is not error, under proper instruction, to submit this question to the jury for its determination.

3. **Appeal and Error—Review—Defective Briefs—Admission and Rejection of Evidence.**

Assignments of error which go to the admission or rejection of evidence will not be considered by this court where the brief in regard thereto does not comply with rule 26 (87 Okla. xxiii).

Error from Superior Court, Pottawatomie County; Leander G. Pitman. Judge.

Action by W. E. Bailey against the Niagara Fire Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Saunders & Emerick, for plaintiff in error.

Rittenhouse & Rittenhouse and Frank E. Lee, for defendant in error.

BRANSON, V. C. J. W. E. Bailey sued the Niagara Fire Insurance Company, a corporation. His cause of action was predicated upon a loss by fire of "certain grain and seeds, to wit, broom corn seed stored in an outhouse on his farm"; that in September, 1922, "in consideration of the payment by plaintiff to the defendant, the Niagara Fire Insurance Company of New York, the premium of $42 cash and the payment when due of installment notes for $168 due on the first day of October, 1923, 1924, 1925, and 1926, said defendant * * * made its policy of insurance in writing insuring said grain and seed against loss from fire." Plaintiff further pleads that on the 21st day of November, 1923, the said broom corn seed was destroyed by fire, resulting in a loss to the plaintiff of $2,300, the actual value of said broom corn seed; that the plaintiff notified the insurance company, which denied liability on the policy, wherefore the plaintiff demands judgment in said sum.

Defendant, insurance company, answered the petition, denying each allegation, except as admitted. The answer in substance pleaded: That the defendant insurance company issued the policy for the consideration of $42 cash and the payment when due of installment notes of $168 on the date pleaded by the plaintiff; that the policy was issued on the written application of plaintiff, the representations in which were agreed to be considered warranties; that the policy provided that if any promissory note or installment given for the whole or any portion of the premium for any policy that may be issued on the application be not paid when due, the said policy shall be suspended and of no force and effect until such promissory note or installment is paid. The said policy contained this specific provision: .

"This company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation, or part thereof given for the premium remains past due and unpaid."

The policy further provides for its cancellation at the request of the insured and sets forth the method of cancellation. Further pleading, defendant says:

"Defendant further alleges and states that the premium note of plaintiff hereinbefore referred to became due and payable as to the first installment thereof on the first day of October, 1923, and prior to the alleged loss and damage to the subject of said insurance by fire in plaintiff's petition mentioned, and that said note was not paid at the maturity thereof, and that the time of payment thereof has not been extended and that said note and no part thereof has ever been paid and is wholly unpaid and unsatisfied, and that during such default in payment of said note and after the maturity thereof, and while said note was past due, said fire and loss and damage thereby in plaintiff's petition mentioned happened."

Defendant further answered that it had not waived any of the conditions of the said notes, application, or policy. Defendant further pleaded that on the 3rd day of October, 1923, and before the loss, plaintiff demanded by letter that said policy be canceled, and that said policy was canceled and of no force and effect at the time of the alleged loss. Further defendant pleaded that the said policy provided that no suit should be sustainable on the same unless commenced within 12 months next after the fire.

In replying to the answer, the plaintiff denied the allegations thereof, and specifically pleaded that the defendant had waived the forfeiture clause contained in the policy, for the reason that after the premium note described in defendant's answer became due, defendant attempted to collect said premium from plaintiff and informed plaintiff that unless the note was paid suit would be brought thereon. On these issues, substantially as stated above, the cause was tried to a jury, resulting in a verdict for the defendant. From the judgment in favor of the defendant, entered on such verdict, the plaintiff assigns as error the overruling of the motion for new trial, and that the court erred in giving this instruction:

"The court instructs the jury that the policy of insurance sued upon by plaintiff in this action contains a provision that it insures the plaintiff in the amount of $1,700.00, 'On grain and seeds of all kinds while in dwelling, granaries, barns and cribs, and on grain only in stacks, shocks, or sacks, and on premises herein described.' And in this connection you are instructed that the plaintiff contends that the broom corn, which he alleges was destroyed by fire while located in an outbuilding on his premises, was covered by this provision of the policy of insurance, and the defendant contends that said provision of said policy of insurance did not cover said broom corn, that broom corn does not come within the description of either grain or seeds as used in said provision of said policy of insurance.

"It will be your duty to determine from the evidence in this case whether or not the broom corn, as described by witnesses upon the witness stand, comes within the provision of the policy referred to covering grain and seeds. Unless you find from a preponderance of the evidence that said broom corn is included within the said provision of said policy, then your verdict should be for the defendant."

Further, that the court erred in ruling out legal evidence on behalf of the plaintiff, and that the court erred in submitting to the jury questions of law and construing the contract between the plaintiff and the defendant which was the subject-matter of this action.

We shall go no further than the assignments of error go.

The third assignment goes to the ruling of the trial court on matters of evidence. There is no evidence, admitted or tendered and rejected, either set out or discussed in the brief of the plaintiff in error, and the alleged error of the trial court on which this assignment is predicated is considered waived.

The fourth assignment charges, in effect, that the court submitted to the jury questions of law. From the brief of the plaintiff in error it appears that the plaintiff contends that a question of law was submitted to the jury in the instruction above quoted, for plaintiff says:

"It will be noted from a reading of the petition * * * this action was brought for the destruction of broom corn seed by fire on the 21st day of November, 1923, that the testimony of the witness Bailey * * * is to the effect that the broom corn had been permitted to ripen for seed purposes and was stored in the outbuilding at the time of the fire, that there was around 600 bu. of the value of $4.15 per bushel, that the court instructed the jury on this question in this language:"

—then follow the instructions above set out.

The contention of the plaintiff, in brief, is that the court should not have submitted for the jury's determination the question as to whether or not the article destroyed fell within the provisions of the policy insuring "grain and seeds."

It appears, further, from some of the evidence that what was actually destroyed by fire was broom corn; that the broom corn had been permitted to ripen; had been cut and stacked in the outbuilding, for plaintiff said in reply to the question:

"Q. Now, at the time loss occurred, what kind of property did you have in that storehouse? A. I had broom corn in there. Q.

Broom corn? A. Broom corn seed, yes. Q. Was that threshed broom corn seed? A. No, sir. Q. It was still in the head? A. Yes, sir. Q. It was still in such shape that it could reasonably well be threshed? A. Yes. sir; it was cured and packed down solid."

From plaintiff's witness, Ross, it appears:

"Q. Now, do you know what is generally referred to when men. farmers, speak of broom corn seed, what they mean? A. Yes, sir. Q. What do they mean? A. Just like corn or kaffir. Q. They mean the threshed seed? A. Certainly, the threshed seed."

It is apparent that the trial court submitted to the jury the determination of whether or not the propery destroyed fell within the policy under the rule often announced:

"Where the question depends on other evidence than the policy alone, and such evidence is conflicting or permits of different inferences, it is for the jury to determine whether or not the property destroyed was the property covered by the policy, or whether certain property comes within the description in the policy." 26 C. J. 558.

We think the trial court committed no reversible error in submitting this question to the jury.

While this disposes of all the assignments of error expressly made, it does not dispose of all which plaintiff suggests in his brief. The evidence, however, clearly shows that that part of the premium note due October 1, 1923, had not been paid on the date of the loss, to wit. November 21, 1923, and has not since been paid, and that the policy provided that no liability should exist in event and during the time such payment was delinquent. St. Paul Fire & Marine Ins. Co. v. Cooper, 25 Okla. 38, 105 Pac. 198; Shawnee Mutual Fire Ins. Co. v. Cannedy, 36 Okla. 733, 129 Pac. 865; Eickelberger v. Insurance Company of North America (Kan.) 189 Pac. 139.

This court in a recent case, Insurance Company of North America v. Renfro, 121 Okla. 124, 247 Pac. 990, held:

"Where a fire insurance contract covering farm property, issued as provided by section 6768, Comp. Stats. 1921, provides that the insurance company shall not be liable for losses occurring while the payment of the insurance premium note is in default, such provision is reasonable and must be enforced according to its terms.

"Where a fire insurance contract covering farm property, issued as provided by section 6768. Comp. Stats. 1921, provides that the insurance shall be suspended while payment of the promissory note given for the insurance premium is in default, but that payment

of such past-due premium note shall revive the policy for the remainder of the original period of insurance, a fire loss occurring during the time the payment of the promissory note was in default does not constitute a liability against the insurance company."

The burden, therefore, shifted to the plaintiff to show that such conditions had been waived. A waiver arises from acts, words, or conduct on the part of the insurer done or spoken with knowledge of a previous condition which amounts to a recognition of the policy as a valid and existing and continuing contract, or which are inconsistent with an intention to claim a forfeiture, or which are such as to reasonably imply a purpose not to insist upon a forfeiture. 26 C. J. 283, 518. Gish v. Insurance Company of North America, 16 Okla. 59. 87 Pac. 869. On the question of whether or not this condition had been waived, the court instructed the jury, on which instructions no assignments of error are made. The conclusions of the jury, under such instructions, are reasonably supported by the evidence.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 646. §2538; p. 853. §2834.　(2) 26 C. J. p. 558. §773. (3) 3 C. J. p. 1409, §1585; p. 1415, §1589.