PHŒNIX INSURANCE CO., PLAINTIFF IN ERROR, V. JAMES
LANSING, DEFENDANT IN ERROR.

**Insurance:** ACCEPTANCE OF PREMIUM: WAIVER : A policy of in-
surance was made Sept. 4th, 1879, to run five years, and a note
taken for the premium due May 1st, 1880. The policy contained
a provision that if the note was not paid when due, the policy
should be void. In October, 1880, a loss occurred. The pre-
mium note was paid in April, 1881. *Held,* 1, That the accept-
ance of the premium was a waiver of forfeiture of the policy, and
that the company was liable for the loss. 2, That the policy was
voidable only, not void.

ERROR to the district court for Lancaster county.   Tried
below before POUND J.

*J. R. Webster,* for plaintiff in error.

The policy contained the following provisions:   "If
*    *    *    the premium note shall be due and unpaid
*    *    *    In every such case this policy is void.   In
case the assured shall fail or refuse to pay the premium
note above described when due [May 3, 1880], this policy
shall then and thenceforward be and remain null and void,
and same cannot be revived without the written consent of
the company, but this shall not prevent this company col-
lecting by suit or otherwise the premium note above de-
scribed.   Nor shall such attempt, or suit to collect said
premium note, be construed to revive this policy, but same
shall be and remain null and void during such default and
until the said assured shall pay said premium note, interest,
fees, and costs, and until this company shall receive the
same, and return said premium note to said assured, and
in such case his policy shall be revived only for the period
originally stated herein, subject to the terms and conditions
of this policy.

"Whenever this policy may have become void from any
cause, it shall not be revived or reinstated by the renewal

certificate or receipt, or in any other way except by a special contract for such reinstating in writing thereon, or by the issuing of a new policy.

"It is furthermore hereby expressly provided that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or chancery   *   *   *   Unless such suit or action shall be commenced within six months next after the loss shall occur; and should any suit or action be commenced against this company after the expiration of the aforesaid six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute to the contrary notwithstanding.

" The use of general terms, or anything less than a distinct specific agreement clearly expressed and endorsed on this policy *shall not be construed as a waiver* of any printed or written condition or restriction herein."

Payment of note due May 1, 1880, was defaulted. Loss occurred October 6, 1880. Note paid April 4, 1881. No proof of loss sent in until July 21, 1881. Suit commenced November 3, 1881. There is no liability against the company. *Walsh v. Ætna Insurance Company*, 30 Iowa, 133. *Dennison v. Phœnix Insurance Co.*, 52 Iowa, 457–459. *Newton v. Fire Insurance Company*, 15 Wis., 138. *Harrison v. Insurance Company*, 9 Allen, 231. *Diehl v. Insurance Company*, 58 Penn. St., 443.

*Charles E. Magoon*, for defendant in error.

Conditions of policy were waived by insurer. Waiver may be implied from acts and conduct. Wood Fire Insurance, § 496. *Greenfield v. Mass. Ins. Co.*, 47 N. Y., 430. *Pitney v. Glens Falls Ins. Co.*, 61 Barb., 335. *Planters' Ins. Co. v. Comfort*, 50 Miss., 662. *Smith v. Glen's Falls Ins. Co.*, 62 N. Y., 85. *Cobb v. Ins. Co.*, 11 Kan., 93. *Ins. Co. v. Fay*, 22 Mich., 467. *Globe Ins. Co.*

*v. Boyle,* 21 Ohio St., 119. That the insurance company elected to consider the policy in force is shown by their constant endeavor to collect the amount of the note, and their acceptance of the money when tendered, although the loss had occurred, and that fact was well known to the company. They having elected to consider the policy in force they cannot now be heard to declare it void. *Viele v. Germania Ins. Co.,* 26 Iowa, 55. *Miner v. Phœnix Ins. Co.,* 27 Wis., 693. *Liddle v. Market Ins. Co.,* 29 N. Y., 184. *Boehen v. Williamsburg Ins. Co.,* 35 N. Y., 131. *Lycoming Ins. Co. v. Slockbower,* 26 Penn. St., 199. *Wing v. Harvey,* 27 Eng. L. & E., 140.

MAXWELL, J.

This action was brought by Lansing against the insurance company to recover for the loss of property owned by him, which was insured by said company. It is alleged in the petition that the loss occurred on the 6th of October, 1880. The company in its answer admits making the policy of insurance upon the property in question, but alleges that at the time of making the policy said Lansing as the sole consideration therefor gave the company his promissory note for the sum of $9.80, due on the 1st day of May, 1880, with interest at ten per cent; that he did not pay said note when it became due, nor until the 4th day of April, 1881; that said policy of insurance contained a provision that if the party insured "failed to pay said note on or before the same became due said contract and policy of insurance should thereby be and become void." The cause was submitted to the court without the intervention of a jury, and judgment rendered in favor of Lansing. A motion for a new trial having been overruled the company bring the cause into this court by petition in error.

The errors assigned are: 1. Errors in the assessment

of damages.    2.    That the findings are not supported by sufficient evidence.    3. Errors of law occurring at the trial.

Nothing is claimed in the brief under the 1st and 3d assignments, and they need not be considered.    The policy is dated September 4, 1879, to continue in force for five years—expiring September 4, 1884.    It is claimed—and this is the principal error relied on—that the note not being paid according to its terms the policy immediately became void; and the loss occurring while Lansing was thus in default of payment that the company is not liable.    The note was afterwards paid, the money due thereon being accepted by the company.    The company did not surrender the note when it became due, but retained the same and afterwards collected it.    This was the consideration for the insurance.    Now if the company receives and retains the premium can it as a defense to an action on the policy to recover for loss of the property insured allege a failure to pay promptly at the day?    The acceptance of the money is a waiver of any default in that respect.    The policy was not void but voidable; and upon the failure of Lansing to pay the note when it became due, the company could have returned the note and demanded a surrender of the policy. But it cannot treat the policy as valid to collect the premium, and void for the payment of losses.    The note having been paid after the loss the acceptance of the money waived the condition of forfeiture in the policy, and it was valid and subsisting at the time of the loss.    It is objected that the action was not brought within six months after the loss occurred, as provided in the conditions of the policy.    It is unnecessary to determine whether or not such a condition will bar an action after the time limited, as the proof clearly shows a waiver of the condition.    Justice appears to have been done, and there is no error in the record.    The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.