PHENIX INSURANCE COMPANY OF BROOKLYN V. WILLIAM O. DUNGAN.

FILED JUNE 30, 1893.   No. 4538.

Fire Insurance: CONDITIONS OF POLICY: PREMIUM NOTE: PAYMENT: FORFEITURE: WAIVER. A policy of insurance provided that upon the failure of the insured to pay the premium note therein described in full at maturity, such policy should cease to be in force and continue null and void while said note re-

mained unpaid.  Said note not having been paid at maturity
the insurance company accepted as a credit thereon an amount
of money largely in excess of the premium earned, and left the
note with its local agent for collection.  Subsequently, and be-
fore the premium so paid had been earned and before the note
had been paid in full, the property insured was destroyed by
fire.   *Held*, That the policy was voidable only at the election of
the insurance company, and that by receiving and retaining the
part payment after default and retaining the note for collection,
it waived the right to insist upon a forfeiture thereof.

ERROR from the district court of Kearney county.
Tried below before GASLIN, J.

*Godfrey & Godfrey*, for plaintiff in error.

*St. Clair & McPheely, contra.*

POST, J.

This was an action in the district court of Kearney
county upon a policy of insurance, resulting in a verdict
and judgment for the defendant in error, plaintiff below.
The policy bears date of July 25, 1887, and expires July
25, 1892.    The consideration therefor is the note of the de-
fendant in error for $190, bearing date of July 25, 1887,
and maturing July 1, 1888.    The loss occurred on the 29th
day of September, 1889.    Proof of loss appears to have
been made in due form and within the time specified in the
policy.    In the court below the plaintiff in error filed an
answer in which, after admitting the issuing of the policy
sued on and the loss as charged, it alleges: " That said de-
fendant, at the same time said defendant made, executed,
and delivered his one certain promissory note in writing in
amount $190, due on the first day of July, 1888, a copy
of said note is hereto attached marked 'Ex. B' and made
a part hereof; that on the 29th day of September, 1889,
said note so given by plaintiff, although long past due, re-
mained wholly unpaid and still so remains unpaid, except
an indorsement October 8, 1887, of $27.00, also a credit

by loss $75 occurring prior to maturity of said note, although indorsed on said note 12-3-88.

"Defendant avers that since maturity of said note no extension has been granted thereon, nor has said note been held for the purpose of collection, neither has there been any effort made to so collect, but the same has been held since maturity for naught and defendant has at all times since said maturity, and now is willing to return said note and now tenders the same to plaintiff. Defendant for further answer denies each and every allegation in plaintiff's petition not herein specially admitted."

The following is a copy of the note referred to:

"$190.

"On the first day of July, 1888, for value received, I promise to pay to The Phenix Insurance Company, of Brooklyn, N. Y. (at their office in Chicago, Ill.), or order, one hundred ninety dollars in payment of premium on policy No. 0255242 of said company, with ten per cent interest from maturity until paid. If this note is not paid at maturity said policy shall then cease and determine and be null and void and so remain until the same shall be fully paid and received by said company. In case of loss under said policy this note shall immediately become due and payable and shall be deducted from the amount of said loss. If this note be paid at maturity all interest shall be waived. It is understood and agreed that this note is not negotiable.

"Dated at Minden, Neb., this 25th day of July, 1887.

"W. O. Dungan."

Upon the back of the note above described appear the following indorsements:

"Received on the within described premium note the sum of $27.00. R. P.

"Date—Sept. 30, 1887.

"$27.00. R. P.; Oct. 8, '87.

"Pd. by loss, $75.00, 12-3-88.

"C. H. Williams."

It appears from the undisputed proofs that the credit of $75 was made on the 3d day of December, 1888, and represents the amount due the defendant in error at that time by the terms of a tornado policy previously issued to him by the plaintiff in error. It is not contended that the note in question was surrendered to the defendant in error upon default of payment at maturity thereof, or that any notice was given of the forfeiture of the policy or any overt act indicating an election by the insurance company to cancel the same. On the other hand it appears that said note remained in the hands of the collection agents of the company at Minden until after the loss. The defendant in error testified in his own behalf as follows: "I stepped into the office of Godfrey & Godfrey to see about this matter. I had that day sold a piece of land and I knew I could pay this note when I got the money on the land. I had never seen this agent. I met George Godfrey as I went in and he introduced me to the agent. The agent said to me: I would like it if you would secure that note if you can't pay it right away. I told him that I could pay it sometime in October; that I could have the money sometime from the 1st to the 15th, and that if I fail to get the money then I would secure the note; he said that would be all right and he would leave the note with Godfrey & Godfrey and I could come to their office and pay it or secure it."

The agent referred to above was Mr. Williams, the adjuster of the defendant company, whose authority to waive the conditions of the policy by extending the time of payment as claimed is not denied.

The defendant in error further testified that after the maturity of the note, and before the loss occurred, payment thereof was demanded several times by the local agents of the company.

Mr. Godfrey, the local agent, testifies that he was present at the conversation between the defendant in error and the

adjuster Williams, and that the latter remarked that he would leave the note with witness and see if defendant would pay it, but that no agreement was made for an extension of payment; he also denies that he demanded payment after the maturity of the note.

Williams, the adjuster, testifies that he was present at the time in question and indorsed the credit of $75 upon the note, but that he informed defendant in error that such payment would not be considered as a waiver of any condition of a policy which would "stand suspended until the balance of the note was paid."

In the policy above described is found the following conditions: "In case the assured fails to pay the premium note or order at the time specified, then this policy shall cease to be in force and remain null and void during the time said note or order remains unpaid after its maturity." That the plaintiff in error might have declared the policy forfeited for non-payment of the note will not be denied. Nor is it necessary to determine whether the plaintiff in error, in order to avail itself of the provision for a forfeiture of the policy, was required to indicate its intention by an overt act, such as notice to the insured or return of the note. The policy was by its conditions voidable at the election of the insurer. But the evidence establishes to our satisfaction an extension of the time of payment, and which must be construed as a waiver of the strict conditions of the policy.

The evidence is at most conflicting, and we are not at liberty to say that the jury were not warranted in finding for the defendant in error upon the disputed questions. Although contradicted by the more numerous witnesses of the plaintiff in error he is strongly corroborated by the admitted facts of the case. The credit of $75, December 3, 1888, together with previous payments, greatly exceeded the premium earned at that time, and it is not probable that the defendant in error would have advanced such a

sum knowing his policy was not in force, and that, to use the language of the adjuster, it would continue to "stand suspended."

While the plaintiff in error by its answer offers to surrender the note, there has been no offer to return the amount paid thereon in excess of the premium earned at the time of the default. It was entitled to demand payment in full of the note at maturity, but having after default received and appropriated the money paid thereon, a sum in excess of the premium earned at the date of the loss, it will not now be permitted to interpose the strict conditions of the policy as a defense. Such is the rule repeatedly recognized by this court. (See *Phenix Ins. Co. v. Lansing*, 15 Neb., 494; *Schoneman v. Western Horse & Cattle Ins. Co.*, 16 Id., 404; *Western Horse & Cattle Ins. Co. v. Scheidle*, 18 Id., 495.) The judgment of the district court is right and should be

AFFIRMED.

THE other judges concur.