## ACTION ON A FIRE INSURANCE POLICY.

Circuit Court of Medina County. .

THE UNION INSURANCE COMPANY v. CATHERINE BILLMAN.*

Decided, 1909.

*Fire Insurance Policy—Waiver of Prompt Payment of Premium—Negligence of Company's Agent.*

There may be a recovery on a fire insurance policy, though the premium was not paid to the company's agent until after due and after the fire, where it is shown that the company's agent received the premium and remitted it to the company, which returned it to the agent with instructions to refund it to the insured, but the agent failed to tender it to the insured until six or eight months after the fire and long after suit brought, such tender then being refused.

*J. W. Seymour,* for plaintiff in error.
*John O. Lisey* and *Grant, Sieber & Mather,* contra.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

The relation of the parties here is the reverse of their relation below. The defendant in error recovered a verdict and judgment on an insurance policy for a partial loss by fire. Her third amended petition, which embodied the policy, shows that after the fire she paid to the plaintiff in error's agent an assessment which was then so long overdue that (as decided on a former review of this case) her insurance stood suspended. But the plaintiff alleges waiver. The agent remitted the money to his company, which, however, returned to him the portion covering the destroyed property, with instructions to return it to the insured. This he failed to do until six or eight months after the fire, and long after suit brought, and then, upon tender, the insured refused to receive it. This delay was shown by the company's own witness and stands undisputed; and the other facts above recited are conceded.

*Affirmed without opinion, *Union Insurance Co.* v. *Billman*, 82 Ohio State, 451.

There could be no issue as to the making of the assessment or the giving of notice, in view of the admissions in the third amended petition.

The plaintiff's ownership and the value of the property destroyed were disputed, but were found by the jury upon competent evidence and upon a charge which was as to these matters correct. The court's charge as to waiver contained no error prejudicial to the company. *Union Mutual Life Ins. Co.* v. *McMillen,* 24 Ohio St., 67; *Phoenix Ins. Co.* v. *Heffler,* 2 C. C., 131; *2 Joyce on Insurance,* 1375, note 217; *Phoenix Ins. Co.* v. *Tomlinson,* 125 Ind., 84; *Phoenix Ins. Co.* v. *Lansing,* 15 Neb.; 494; *Union Fire Ins. Co.* v. *Block,* 109 Pa. St., 535; *German Ins. Co.* v. *Shader* (Neb.), 60 L. R. A., 918; *Johnston* v. *Phelps Co.,*—; *Farmers Mut. Ins. Co.* (Neb.), 56 L. R. A., 127; *Schoneman* v. *Western Horse & Cattle Ins. Co.,* 16 Neb., 406; *Western Horse & Cattle Ins. Co.* v. *Scheidle,* 18 Neb., 495; *Phoenix Ins. Co.* v. *Dungan,* 37 Neb., 473.

The corporation is bound by its agent's negligence. *Citizens Savings Bank Co.* v. *Blakesley,* 42, O. S., 645.

Though the burden of proving the alleged waiver was upon the plaintiff (*The Eureka Fire & Marine Ins. Co. et al* v. *Baldwin,* 62 Ohio St., 368, 383; *Mehurin* v. *Stone,* 37 Ohio St., 49, 50), and ordinarily in such case the court can not direct a verdict for the plaintiff, nor refuse a motion for a new trial after a verdict for plaintiff founded upon an erroneous charge, yet this being a case wherein the facts are conclusively determined in a manner not affected by material error, the application of the law to such facts could only result in the verdict which the jury in fact rendered (*Cinti Gas & Elec. Co.* v. *Archdeacon, Admr.,* 80 Ohio St., 1) and the judgment is affirmed.