## CONTINENTAL INSURANCE CO. OF NEW YORK v. HALL.

### No. 30777. April 27, 1943.

### Rehearing Denied June 8, 1943.

### 137 P. 2d 908.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, and Loofbourrow & Dale, of Beaver, for plaintiff in error.

Reuben K. Sparks, of Woodward, and Oscar Flowers, of Perryton, Tex., for defendant in error.

DAVISON, J. This is an action to recover on a fire insurance policy. The principal question is whether at the time of the loss the policy was suspended by reason of a failure to pay in full an installment due on a promissory note given for the premium.

The policy was issued by the Continental Insurance Company of New York on the 18th of July, 1933. The expiration date was five years later, July 18, 1938. It was for the sum of $1,000 and intended to protect Beulah Hall against loss by fire, and other contingencies not herein important, of a dwelling house located on a designated section of land in Beaver county.

At the time the policy was issued provision was made for the premium by the payment of $13.80 in cash and a promissory note payable in four annual installments of $13.80 each, beginning August 1, 1934.

The building burned November 29, 1937. The policy contains the following provision:

"But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation, or part thereof, given for the premium remains past due and unpaid."

And the note provided:

"It is hereby agreed that, in case of nonpayment of any one of the installments herein named at maturity this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to this company in New York, or to its Western Department at Chicago, and in the event of nonsettlement for time expired, as per terms of contract, the whole amount of installments remaining unpaid on said Policy, may be declared earned, due and payable, and may be collected by law."

At the time the foregoing policy was obtained the insured, as administratrix

of her father's estate, obtained another policy from the same company covering a dwelling on another farm. The premium on this second policy was provided for in the same manner as the first. The initial cash payment was $15.34 and the remainder of the premium in the sum of $61.36 was represented by a note payable in four annual installments of $15.34. The first of such installments was payable August 1, 1934, and the subsequent installments became due and payable on August 1st of each succeeding year. None of the installments on either of the notes were ever paid promptly at maturity.

The last-mentioned policy claims a degree of consideration in this litigation by reason of a question in connection with a payment made by the insured which might have been applied on the amount due for premium on either or both of the policies.

The Lawson Title Company acted as agent for the defendant company in connection with the foregoing policies.

On August 5, 1937, Beulah Hall paid to the agent of the defendant company the sum of $12, which was divided equally between the two policies. This was the only payment which had been made on either or both of the foregoing policies at the time of the loss. The home office of the defendant company then authorized an extension of time until October 1, 1937, to pay the balance of the installment due on the note and communicated such authorization to its agent. The agent, however, did not advise plaintiff of the time limitation on the extension. Subsequently, on November 3rd, the agent of the defendant wrote plaintiff as follows:

"Mrs. Beulah Hall,
  "Booker, Texas.
"Dear Mrs. Hall:
  "We have a collection memo from the Continental Insurance Company, making inquiry as to your balance on your installment, also on your father's property.
  "If you have not already forwarded the amounts to the Company, please call at this office and let's see if some

arrangement can be made to keep your policies in force.
"Yours very truly,
"Lawson Title Co.,
"by Julia Klapper."

The arrangements suggested were not made. Later the building burned. The company denied liability for the loss and returned the premium. On November 26, 1938, Beulah Hall, as plaintiff, instituted this action against the Continental Insurance Company as defendant in the district court of Beaver county.

Issues were joined and the cause was tried to the court without the intervention of a jury, resulting in a judgment for plaintiff, which the defendant, as plaintiff in error, herein seeks to reverse.

At the conclusion of the hearing the trial court made special findings which reviewed in a more detailed manner the the facts already epitomized in this opinion. It then stated its conclusion as follows:

"That by reason of the payment of the $12.00, or even $6.00, was sufficient to keep the policy in full force and effect for the proportionate part of the year that said $6.00 bears to the total amount due, which would keep said policy in full force and effect for 5.2 months from August 1, 1937. . . .

"It is the opinion of this court that by the acts and conduct of the defendant in accepting partial payments of the premiums on their note after the due date, and by having the letter written plaintiff on November 3, 1937, that plaintiff was led to believe her policy was in full force for the proportionate part of the year that her payment bore to the total amount due, which in this case made her insurance in force beyond the time of the loss.

"In arriving at this conclusion, the court does so with the knowledge that our Supreme Court has held that provisions in a policy of insurance can be waived and in this case there is an equitable estoppel.

"It is Therefore ordered, decreed and adjudged by the court that plaintiff have judgment for $992.20 and the costs of this action."

This court has held that a provision in an insurance policy suspending the risk during a period of nonpayment of the premium may be waived, and that such waiver may be inferred from the acts and conduct of the insurance company, as, for instance, by the acceptance of a premium after the loss. St. Paul Fire & Marine Ins. Co. v. Cooper, 25 Okla. 38, 105 P. 198. While the facts in the last-cited case relied upon to keep the policy in force are different from those presented in the case at bar, the reasoning therein sheds some light upon legal principles appropriate for our consideration here. We therein quoted with approval from the Dakota case of Smith v. St. Paul Fire & Marine Ins. Co., 3 Dak. 80, 13 N. W. 355, in which it was said:

". . . The whole cash premium had not been earned when the defendant's liability in the policy was suspended, but only a pro rata portion of it; neither did the premium run during the suspension. On the failure of the plaintiff to pay the note when due, the liability of defendant on the policy ceased; and, without restoring such liability, it was entitled to receive on such note what the policy had earned while in force, and it could have refused to receive any sum in excess of what the policy had so earned; but the defendant by its agent received the whole cash premium for which the note was given. By so doing it received compensation for the risk covering the time when the loss occurred, and it cannot now be heard to allege that at the time of the loss it had no risk on the property insured. The acceptance of the full premium after notice of loss is entirely inconsistent with the claim that risk was suspended when the loss occurred."

Emphasis was thus placed upon the connection between the premium paid and the risk assumed, and it was pointed out that the company is not entitled to remuneration for a period of time during which the risk is not carried.

Thus in this case the literal provision of the policy is such that the company may escape the risk for any time during which an installment or portion thereof on the premium note remained unpaid, but it cannot escape the risk and at the same time charge for it.

As noted by the trial court, none of the installments for previous years were paid at maturity (a fact entitled to consideration; Pacific Mutual Life Ins. Co. of Cal. v. McDowell, 42 Okla. 300, 141 P. 273). The 1936 installment was paid in two payments, both belated. The record does not reflect that the company treated the policy as suspended under the clause herein relied upon. It retained the full amount of the premium. It must have considered itself to be carrying the full amount of the risk.

In connection with the installment here involved it accepted as a preliminary payment on the installment an amount sufficient to keep the policy in force (on an earned premium basis) beyond the date of the loss. It had an uncommunicated and therefore secret intention to demand that the balance of the premium be paid by October 1st. Its communication with the insured by its agent made after the date above mentioned inferentially referred to the insurance as still in force, although under the literal wording of the policy (eliminating waiver) it was not. The letter merely suggested arrangements to keep the policy in force without suggesting any "deadline" as to time. Thus the company had by accepting the partial payment and treating the policy as in force waived the suspension clause at least to the extent of its collection. Its failure to offer a return of the collected premium in the event of a failure to make the necessary arrangements for the balance indicated its own intention to give value in the form of risk assumed for the money it had received and was retaining.

It is true as pointed out by the defendant that "waiver is the intentional relinquishment of a known right." Continental Ins. Co. v. Portwood, 184 Okla. 22, 84 P. 2d 435; Gish v. Insurance Company of North America, 16 Okla. 59, 87 P. 869. Such intentional relinquishment of a known right may be estab-

lished by evidence of such facts and circumstances as would reasonably result in that conclusion. Continental Insurance Co. of New York v. Portwood, supra. When evidence of waiver is produced, the question becomes one of fact. Bailey v. Niagara Fire Ins. Co., 122 Okla. 53, 250 P. 918.

Thus in this case it is evident from the conduct and communications of the insurance company that it intended the policy to remain in force subsequent to August 1, 1937, notwithstanding that a portion of the installment on the premium note was past due and unpaid. Its intention in this respect constituted a waiver of the suspension clause in the policy and note. If we consider its secret, uncommunicated intention to extend the time of additional payments only to October 1st as a limitation on its waiver, then its failure to communicate such time limit to the insured was misleading and entitled the insured to claim an estoppel from and after that date.

The law favors awarding to the purchasers of insurance the benefits and protection which they have paid for when such benefits can be justified upon sound legal considerations. The facts in individual cases, of course, invoke the application of different legal principles to arrive at a just result. Thus the Supreme Court of Nebraska held insurance companies liable to the extent of the risk which had been paid for in Nebraska & I. Ins. Co. v. Christiensen, 29 Neb. 572, 45 N. W. 924, and in Phenix Ins. Co. of Brooklyn v. Dungan, 37 Neb. 468, 55 N. W. 1069. Other cases dealing with the effect of suspension clauses and the situations where such clauses have been held not to bar recovery are collected in the annotation appearing in 83 A.L.R. 846.

For the reasons above set forth and upon consideration of the foregoing authorities, we are of the opinion, and hold, that the insurance company was liable at the time of the loss.

The decision of the trial court is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, and HURST, JJ., concur. GIBSON, V. C. J., and ARNOLD, J., absent.