BANKERS SECURITY LIFE INSURANCE COMPANY, Plaintiff in Error,

v.

Garlen Roy TOWNSEND, Defendant in Error.

No. 36824.

Supreme Court of Oklahoma.

Jan. 17, 1956.

Thomas E. Bennett, Oklahoma City, for plaintiff in error.

Joseph M. Best, Tulsa, for defendant in error.

PER CURIAM.

Plaintiff in Error, Bankers Security Life Insurance Company, defendant in the Court of Common Pleas of Tulsa County, appeals from a judgment of that court based upon the verdict of a jury awarding Garlen Roy Townsend, defendant in error, as plaintiff below, the sum of $120 as the amount due him on an insurance policy issued by the defendant company covering hospitalization.

The parties will be referred to as they appeared in the trial court.

The insurance policy provided for payment to the insured of the sum of $120 as a maternity benefit in the case of the birth of twins.

The policy was issued by defendant on October 20, 1952. It lapsed on January 4, 1953 by reason of nonpayment of premiums and was reinstated on March 5, 1953 on payment by the insured of a one-quarter year premium covering January, February and March, 1953.

On August 24, 1953, ten months and four days after the original issuance of the policy, twin children were born to plaintiff.

The only controversy involved stems from the facts incident to the reinstatement and the legal consequences thereof as affecting the rights of the parties. The benefit sued for by plaintiff involves only the amount provided for in the policy in the event of birth of twins.

The evidence on the part of plaintiff reasonably tended to prove that he paid premiums covering a period of eleven months, totaling approximately $85; that after notice from defendant that the policy had lapsed, he received three or four letters from the company stating that payment of back premiums would restore the original provisions of the policy; and by reason thereof he paid the premiums then delinquent; that he filed a claim which was refused and he made one further premium payment thereafter; that no premiums were refunded by defendant; that he had not signed an application for reinstatement.

Defendant offered evidence repudiating the mailing of the letters of agreement to plaintiff and produced an application for reinstatement bearing the name of plaintiff. Defendant introduced a known signature of plaintiff for comparison with the plaintiff's name written on the application and depended on the jury's comparison for verification.

Defendant urges error under two propositions: First, that plaintiff's policy had not been continuously in force for more than ten months at birth of plaintiff's twins, and that therefore he cannot recover. Second, plaintiff's policy covered only accidental injury sustained after the reinstatement and such sickness as began more than ten days thereafter and therefore cannot recover.

Defendant, under its first proposition, relies upon a part of the policy, the pertinent part of which reads as follows:

"B. If, after this policy has been continuously in force for not less than ten months, and * * * the insured or any member of the family group, shall be confined * * * as the result of childbirth, the company will pay to the insured * * * One Hundred and Twenty Dollars ($120.00) in the event of twins. * * *"

The burden of the argument under this proposition being that under this provision of the policy no recovery can be had since the policy had in fact lapsed, and an interim existed in which the policy was not in effect. Defendant's position being that in the absence of evidence reasonably tending to show a waiver of the reinstatement provision of the policy under this provision, the verdict was improper.

The reinstatement provision referred to in the policy is as follows:

"3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

The second proposition is bottomed on this portion of the policy. There is no merit

to the contentions of defendant as applied to the circumstances of this case.

 While defendant might, under the policy provisions, have limited its liability on reinstatement, such right could be waived. It is equally true that the defendant could waive the provisions pertaining to the requirements of continuous existence of the policy in force. Continental Ins. Co. of New York v. Hall, 192 Okl. 570, 137 P.2d 908; Bailey v. Niagara Fire Ins. Co., 122 Okl. 53, 250 P. 918.

The question of waiver became a fact for the jury to determine. The evidence was sufficient to justify a finding of waiver by the jury. The fact of waiver is strengthened by reason of the payment by plaintiff and acceptance by defendant of premiums for the period between January 4, 1953 and March 5, 1953 during which time plaintiff had no coverage under the policy.

It being within the province of the jury to determine under what conditions the policy was reinstated, such determination together with that of whether waiver of conditions of the policy existed, being questions of fact, found adversely to the defendant by the jury under evidence reasonably supporting its findings, the judgment rendered on such verdict will not be disturbed by this court. Bailey v. Niagara Fire Ins. Co., supra.

The law favors awarding to the purchaser of insurance the benefits and protection they have paid for when such benefits can be justified upon sound legal consideration. Continental Ins. Co. of New York v. Hall, supra.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., dissents.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner CRAWFORD, and approved by Commissioners REED and NEASE, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.