ALLIED STEEL CONSTRUCTION CO.,
Appellant,

v.

EMPLOYERS CASUALTY COMPANY,
Appellee.

No. 293–69.

United States Court of Appeals,
Tenth Circuit.

March 16, 1970.

Tom S. Williams, Oklahoma City, Okl. (Gus Rinehart, Oklahoma City, Okl., on the brief), for appellant.

George W. Dahnke, Oklahoma City, Okl. (James W. Shepherd, Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

SETH, Circuit Judge.

This is an appeal from an order of the trial court granting the defendant's motion for summary judgment. Jurisdiction is based on diversity of citizenship.

Defendant, Employers Casualty Company, issued to plaintiff-appellant, Allied Steel Construction Company, a general liability policy. The policy excluded liability for damage to " * * * property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control; * * *." The insurance policy also provided:

"This insurance does not apply:

\* \* \* \* \* \*

"(j) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith; * * *."

While this policy was in force, Allied commenced work under a contract with Great Lakes Carbon Corporation to erect and install what was referred to as the No. 2 Calcining Unit at the Great Lakes plant near Kremlin, Oklahoma. A cal-

cining unit is a manufacturing plant for converting raw coke to carbon and is made up of some thirty-nine components. One of these components is a structure called a settling chamber; another is a kiln stack which was to be adjacent to the settling chamber and to work in conjunction with it.

Some time prior to the accident giving rise to this litigation, Allied had built the settling chamber, a steel and concrete structure; however, there remained some work to be done on it by Allied before it would have been completed. On the date of the accident, however, Allied was not working on the settling chamber, but was engaged in erecting the kiln stack. The kiln stack was being lifted into place by cranes and while suspended, the kiln stack fell on to and damaged the settling chamber.

Allied repaired the damage to the settling chamber and filed a claim for the cost of repairs with Employers Casualty Company. Employers investigated the accident and denied coverage. The initial ground for denial of coverage conveyed to Allied was that the damage was done to property in the care, custody and control of the insured.

Allied then brought this suit to recover the cost of repairing the structure. Employers answered generally denying liability on the grounds that the loss was not within the hazards insured against under the provisions of the policy.

A pretrial order was entered which set out in detail the contentions of the parties and the stipulated facts. In this order the parties stipulated:

"The loss was to work previously performed by the plaintiff and arose out of work being performed by plaintiff. (This statement, however, to have no bearing on whether, at the time of the accident, plaintiff had any care, custody or control of the property damaged, but is made solely, to narrow the issues with respect to the exclusion relating to work performed by the insured.)"

The plaintiff contended and an issue stated in the order was whether defendant had waived or was estopped from relying on the exclusion relating to damage to work performed by the insured since it had initially denied coverage on another exclusion in the policy (care and custody).

The defendant's contentions were that the damage was to property within the care, custody and control of the insured; that the damage was to work performed by the insured; and that it had not waived or was not estopped from relying on the exclusion relating to work performed by the insured.

The case went to trial, and at the outset the court stated that on the stipulated facts there could be no waiver or estoppel with respect to the "work performed" exclusion. The court decided to try to the jury the issue of the applicability of the care, custody or control exclusion, and to reserve final ruling on the question of waiver of the "work performed" exclusion.

The trial on the care, custody or control issue resulted in a hung jury. Employers then renewed its earlier motion for summary judgment, and the court entered an order sustaining the motion on the ground that the "work performed" exclusion applied and that coverage under the policy could not be created by waiver or estoppel. The plaintiff appeals from this order.

The record in this case shows that the parties had stipulated that the damage was done to work performed by the insured. The language of the policy excluding coverage for such damage is clear and unambiguous. Thus there remained no material issue of fact before the trial court. Alt v. American Income Life Ins. Co., 337 F.2d 472 (10th Cir.).

The appellant's only contention with regard to the application of the provision excluding liability for damage done to work performed by the insured is that the appellee has either waived its right to deny coverage under the extension or

is estopped from relying on the exclusion by reason of its first assertion of the other exclusion. The appellant, in adopting this position, misconstrues the doctrines of waiver and estoppel.

In State Farm Mutual Automobile Ins. Co. v. Petsch, 261 F.2d 331 (10th Cir.), this court defined "waiver" as an "intentional relinquishment of a known right." See also Continental Ins. Co. of New York v. Hall, 192 Okl. 570, 137 P.2d 908 (1943). There is nothing in the record to indicate, and the appellant does not allege, that the appellee ever intended, or suggested by its words or conduct that it intended, to give up the right to rely on the "work performed" exclusion.

 Estoppel arises where one party makes by its words or actions a false representation of fact, and the other party reasonably relies on the misrepresentation and is prejudiced thereby. Continental Ins. Co. of New York v. Portwood, 184 Okl. 22, 84 P.2d 435 (1938). Again neither the appellant's allegations nor the facts support application of this doctrine.

The only case which appellant cites to support its position is Kershaw v. Maryland Casualty Co., 172 Cal.App.2d 248, 342 P.2d 72 (1959). In that case the insurer unsuccessfully attempted to deny coverage on the basis of a "work performed" exclusion for the first time on appeal. In our opinion the case stands only for the rule that an appellate court will not consider a question which was not raised in the trial court, and is not persuasive on the issue before us. Eureka-Carlisle Co. v. Rottman, 398 F.2d 1015 (10th Cir.). In the instant case the denial of coverage based on the "work performed" exclusion was timely presented to the trial court. The pre-trial order itself demonstrates this.

There being no waiver or estoppel applicable to prevent the appellee from raising the defense of lack of coverage under the "work performed" exclusion, and the parties having stipulated that the damage was done to work performed by the insured, it is apparent that there was no material issue of fact before the trial court and summary judgment was proper.

Affirmed.