462 F.2d 587
 INSURANCE COMPANY OF NORTH AMERICA
v.
Daniel Lee McCLEAVE et al.
Appeal of COMMITTEE ON CAMPS AND CONFERENCES OF the SOUTHERN
NEW JERSEY ANNUAL CONFERENCE OF the UNITED
METHODIST CHURCH (formerly known as
Conference Center Commission
in No. 71-1594.
Appeal of BOARD OF TRUSTEES OF the SOUTHERN NEW JERSEY
ANNUAL CONFERENCE OF the UNITED METHODIST CHURCH
in No. 71-1595.
Appeal of the BOARD OF EDUCATION OF the SOUTHERN NEW JERSEY
ANNUAL CONFERENCE in No. 71-1596.
 Nos. 71-1594 to 71-1596.
 United States Court of Appeals,
 Third Circuit.
 Argued April 17, 1972.
Decided May 10, 1972.
 
 Frank F. Neutze, Jr., Cummins & Neutze, Pennsauken, N. J., for appellants.
 William G. Bischoff, Taylor, Bischoff, Williams & Martin, Camden, N. J., for appellees.
 Before ADAMS, GIBBONS and MAX ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 On July 28, 1955, while attending a camp operated by the defendants in this action other than himself, Daniel McCleave, then a minor, sustained an injury which resulted in the loss of sight in one of his eyes. The operators of the camp had in effect at that time insurance policies with both the Insurance Company of North America [I.N.A.], the plaintiff here, and Continental Casualty Co. Timely notice of the injury was given to Continental which proceeded to make payments of hospital and medical expenses pursuant to the policy issued by it. Notice of the accident was not given to I.N.A., however, until September 9, 1968, more than thirteen years following the occurrence when Daniel McCleave issued a claim against the operators of the camp. I.N.A. then opened a file and began to investigate the claim. The investigation proved to be difficult because of the dimmed memories of those who had been present at the camp when the incident occurred, and because Continental had destroyed its files concerning the matter.
 
 
 2
 In June, 1969, Daniel McCleave filed suit in the New Jersey Superior Court against the other defendants in the present action based on the events occurring in 1955. The papers were forwarded by the defendants in the New Jersey action to I.N.A. which referred the matter to its counsel. By letter dated August 8, 1969, I.N.A. informed its assured that I.N.A. reserved all its rights to investigate and conduct the defense of the New Jersey suit brought by Daniel McCleave without waiving any of its defenses under the contract-late notice being one such defense.
 
 
 3
 In 1970, I.N.A. commenced the present action in the district court under the Federal Declaratory Judgment Act, 28 U.S.C. Sec. 2201, against Daniel McCleave and the operators of the camp, requesting the court to declare that there was no coverage under the policy issued by I.N.A. for the injuries sustained by Daniel McCleave in 1955. After a trial without a jury, the district court entered judgment for I.N.A., and the defendant-operators of the camp appeal.
 
 
 4
 The only contention advanced by the appellants is that since I.N.A. waited eleven months before it sent a Reservation of Rights letter to the operators of the camp, it is now estopped from relying on the operators' delay in notifying I.N.A. of the occurrence of the accident. Although a serious issue is raised by I. N.A. that the appellants waived their estoppel defense by failing to litigate the question at the trial, in view of the disposition we make of the case, it is unnecessary to decide the waiver question.
 
 
 5
 It is a well established rule that the party seeking to take advantage of the doctrine of estoppel must have relied to his detriment on some action or inaction by the other party. See, 1 Williston on Contracts Sec. 139 (3d Ed. 1957). And that concept is not foreign to this Court. "The appellants failing to show that they acted to their detriment in reasonable reliance on manifestations by RFC . . . no question of estoppel is presented." Bailis v. Reconstruction Finance Corp., 128 F.2d 857, 859 (3d Cir. 1942) (Emphasis added). See also, Allied Steel Construction Co. v. Employers Casualty Co., 422 F.2d 1369, 1371 (10th Cir. 1970).
 
 
 6
 The operators of the camp have failed to show any prejudice suffered by them as a result of their apparent assumption that I.N.A. would not disclaim coverage. Thus, the doctrine of estoppel may not now be invoked to defeat I.N.A.'s action for declaratory judgment.
 
 
 7
 Accordingly, the judgment of the district court will be affirmed.