**FIRST NATIONAL BANK OF PORTER,**
Oklahoma, Appellee,

v.

Harry E. HOWARD, Jr., Mrs. Harry E.
Howard, Sr., Appellants.

No. 47253.

Supreme Court of Oklahoma.

March 9, 1976.

John M. Gephart, Wagoner, for appellee.

James M. Hinds, of Edgar & Manipella, Tulsa, for appellants.

DOOLIN, Justice.

We hereby vacate the opinion of the Court of Appeals, reverse the trial court and remand this case with directions to submit to the jury the question of whether the appellee bank is estopped to deny the existence of credit life insurance as to the two notes that are the subject of this appeal.

On November 10, 1970, Harry Howard, Sr. (Deceased) executed two promissory notes in favor of the First National Bank of Porter (Bank) secured by a purchase money mortgage on a 1971 G.M.C. ½ ton pickup truck. There is no question that the security agreement and financing statement were in compliance with the requirements of the Uniform Commercial Code.

At the time of the making of the notes and security agreement Mr. E., the president of the Bank, issued to Deceased a credit life insurance policy in the amount of $2,430.88, the premium for which was included in the amount of the notes. The line in the policy provided for the age of the insured was left blank. Mr. E. testified he filled in the age blank as "59" two or three weeks later prior to remitting the policy to the insurance company. Deceased's son, Harry Howard, Jr., (Son) accompanied his father to the Bank to obtain the loan. His testimony was contradictory to Mr. E.'s in that he claims that Deceased did tell Mr. E. his correct age (71 years).

After the death of Deceased, Son called Mr. E. to inform him of his father's death and to ask him to do whatever was necessary in order to apply the life insurance proceeds to the debt. Although Son testified Mr. E. was aware of his father's age at time of the loan, Mr. E. told him the insurance policy was invalid because of overage of the insured and he would credit the premium paid to the debt.

There were no further payments made on the notes after the Deceased's death.

In May of 1971, this foreclosure and replevin action was initiated by the Bank in Wagoner County District Court. Defendants in the suit were listed as "Harry E. Howard, Jr., Mrs. Harry E. Howard, Sr., and the unknown heirs, executors administrators, trustees, devisees and assigns, if any, of Harry E. Howard, Sr., deceased." The Bank prayed for in personam judgment against said defendants for $5,039.37 plus costs, for foreclosure of the lien and for a deficiency judgment in personam for the balance due after the proceeds of the sale of the truck were applied to the loan. The petition included a second cause of action for replevin of the truck. Statutory procedures in effect at the time were followed and return of sale indicates an amount of $2,334.39 was returned into Court.

Appellants Widow and Son answered, pleading they were not parties to the note, unlawful replevin, and that Bank was estopped from claiming the credit life insurance policy was not in effect at the death of Deceased. Widow also cross-petitioned for $3,000.00 actual and $6,000.00 punitive damages for loss of use of the truck pursuant to 84 O.S.1971 § 232 [1] alleging she

1. § 232. "Automobiles—Surviving spouse's rights Whenever any person dies intestate leaving a surviving spouse, and there is among the assets of decedent's estate an automobile owned by said deceased, said automobile shall be and become the sole and exclusive property of said surviving spouse. If the deceased held title to more than one automobile at the time of death of said deceased,

the surviving spouse shall have the right to choose one of said automobiles to be his or her exclusive property and the remaining automobiles shall be distributed according to the laws of descent and distribution. Provided that this section shall in no way release the automobile chosen by the surviving spouse from liability for the debts of the deceased."

was entitled to ownership of said truck upon the death of her husband and was deprived of such by the unlawful replevin action of the Bank.

On May 15, 1973, the Bank dismissed without prejudice any claim for a personal deficiency judgment against the ESTATE of Deceased.

The trial court directed a verdict for Bank and ordered that Bank have judgment against each defendant as prayed for in its petition. Widow and Son appealed. The Court of Appeals affirmed the judgment as to Son and reversed as to Widow with directions to submit to the jury the question of damages resulting from Bank's depriving Widow of use and benefit of the truck. Appellants and Bank both seek certiorari from Court of Appeals.

■ In an action to foreclose a security agreement against property of a deceased, it is not necessary for a creditor first to present his claim against the estate as required by 58 O.S.1971 § 341 [2] if he is not seeking a deficiency judgment. *Woofter v. Fourth National Bank of Tulsa,* 182 Okl. 483, 78 P.2d 683 (1938). *Cahill v. Kilgore,* 350 P.2d 928 (Okl.1960). At time of filing of this action there had been no administrative proceedings and no attempt at determination of heirship, thus no "estate" to be personally accountable. Widow and Son claim the trial court erred in considering them as parties to the action and in granting judgment against them because neither were parties to the notes or the security agreement. We agree. Under the facts and circumstances of this case it is impossible for the Bank to state a cause of action against the Son. He was neither a party to the note nor entitled to possession of the truck.

Although 84 O.S.1971 § 257 allows a determination of heirship in conjunction with a quiet title action as to real property there is no comparable statute that would permit a creditor to join an action for possession of personalty such as this with an heirship determination. Until such time as Son or Widow is named as administrator neither has a place in Bank's suit for money judgment. Bank dismissed any claim for a deficiency judgment against the estate but there was no such dismissal as to the individual defendants, Son and Widow. This dismissal thus becomes a nullity because no personal representative had been appointed. We, therefore, vacate, set aside and hold for naught any personal judgment rendered by the trial court against Widow or Son.

■ Widow and Son further claim because of *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) the replevin was unconstitutional. This is without merit since the action was instituted and the truck sold before *Fuentes* was handed down. Proper procedures as then prescribed in the statutes in effect at the time of the replevin were followed. Bank could have a right to judgment on the foreclosure and replevin actions as to the truck if, as Bank claimed, the lien was not satisfied by the credit life insurance.

■ Credit life insurance on a note such as this is meant to provide not only protection for the estate of a deceased but protection for a bank in the event a debtor dies before a note is paid in full. Mr. E. as representative of the bank and acknowleged agent of Sooner Life Insurance Company sold the policy, filled it out, added the premium to the amount of the note and kept the policy in his possession until the death of Deceased. To our knowledge, there was nothing in the policy that would indicate to the Deceased that the policy would not be valid if he were over 70 years of age as Bank claims. There is nothing in the record to indicate that Deceased, Widow or Son had any notice of any reason why the policy would not be in effect

---

2. § 341. "Claim must be presented before suit No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator."

at the time of death of the insured or any reason why it could not be relied upon. Apparently Deceased died believing the insurance policy was operative.

Whether the insurance company would be bound by the insurance policy is not before us at this time.[3] The premium was not returned to the estate or to defendants; it was credited to the amount of the lien. The Bank should not be allowed to remove itself from a bad bargain by such action and may not unilaterally remove itself from a binding agreement that a party will be protected in the event of his death by a policy issued to him and paid for in good faith. In order to defeat its liability on the insurance, Bank cannot now be heard to say that it never made the agreement (credit life policy) and then retain the benefits (interest on money, right to foreclose) which flowed from the transaction, *Brown v. Holden,* 410 P.2d 528 (Okl.1966).

The question of whether the age requirement for the policy was waived by Bank is a question of fact. *Continental Insurance Company of New York v. Hall,* 192 Okl. 570, 137 P.2d 908 (1943), *Massachusetts Mutual Insurance Co. v. Allen,* 416 P.2d 935 (Okl.1965). Whether the agreement was in force and the possibility Bank was estopped to deny the lien was satisfied are questions that should have been submitted to the jury. *Bay Petroleum Corporation v. May,* 264 P.2d 734 (Okl.1953).

If the jury should find Deceased was protected by the issuance of the policy, then Widow could be entitled to the truck under

84 O.S.1971 § 232 [4] if the proceeds from the policy paid the outstanding indebtedness on the notes, supra, because no lien would exist against it to give Bank a right to its possession. If Widow is found to be the owner of the truck free and clear, then her counter-claim for damages for loss of use must be considered.

The trial court erred in directing a verdict for the Bank. In passing on a motion for a directed verdict a trial court should consider all evidence favorable to the party against whom the motion is directed together with all inferences reasonably to be drawn therefrom and should disregard conflicting evidence favorable to movant. *Nye v. Cox,* 440 P.2d 683 (Okl.1968). Here the evidence that a credit life insurance policy was executed on the life of Deceased and that the lien should have been satisfied was sufficient to overcome a directed verdict in favor of Bank. This question must be submitted to the jury as well as the issues involved in Widow's cross-petition. The trial court is reversed, any judgment against the Widow or Son is vacated; case remanded to the trial court with directions to dismiss the action against the son, Harry Howard, Jr. and for further consideration in accordance with the views expressed in this opinion.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BERRY, BARNES and SIMMS, J., concur.

LAVENDER, J., concurs in result.

---

3. Sooner Life Insurance Company is not a party to this action.

4. Although admittedly the last sentence of § 232 would not allow Widow to retain the truck in derogation of a lien, if Deceased was protected by the insurance, no such liability would exist and Widow would be entitled to the truck released from the liability of the debt incurred by Deceased.